44361, 44362. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. GODFREY (two cases).

ARGUED APRIL 8, 1969—DECIDED OCTOBER 7, 1969— REHEARING DENIED OCTOBER 31, 1969—

*Hitch, Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr., Martin Kent,* for appellant.

*Richard D. Phillips,* for appellees.

HALL, Judge. The insurer filed several defenses on behalf

of the defendant and intervenor, raising the issue whether the owner or operator of the vehicle causing injury or damage was "unknown" so as to authorize an action to be instituted against the unknown defendant as John Doe and served on the uninsured motorist insurer as prescribed by the statute, supra.

The statute respecting uninsured motor vehicles, supra, provides, "A motor vehicle shall be deemed to be uninsured if the owner or operator thereof be unknown," and "If either the owner or operator of any vehicle causing injury or damages be be unknown, an action may be instituted against the unknown defendant as 'John Doe,' and a copy of such action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though such insurance company were actually named as a party defendant, and the insurance company shall have the right to file pleadings and take other action allowable by law in the name of John Doe or itself." *Code Ann.* § 56-407.1 (b), (d).

The following evidence was presented on the motion for summary judgment: The plaintiff testified that he was also the plaintiff in the case of J. W. Godfrey v. Hilton C. Hall, Jr. He filed this suit through his attorney against the alleged person named in the defendant's traverse of service filed in the "John Doe" action. He filed the suit based on the best information he had and relying on whatever the investigation of his attorney and others showed. The plaintiff was hit on the highway about 2 miles from Jesup by an "old covered truck." The driver drove on off from the scene. The plaintiff asked someone in a restaurant to call the sheriff and then drove on toward Jesup. He met a state trooper and described the truck to him as "an old covered truck." The plaintiff did not know what kind or color it was. At Jesup he saw a truck pulled up in front of a produce market. The plaintiff went to the sheriff's office and got a deputy to go back with him to the truck. The truck had a cover on it and looked kind of like the one that hit him, but he couldn't swear that it was; but he knew he "was hit by an old covered truck, looked like an old produce truck." He saw no one around the truck. He left the sheriff and state patrolman and said, "There it is, boys, I'm going. If you need me

I'll be at the hospital." He could not describe and had never seen the fellow driving the truck. The plaintiff gave the insurance agent information as to how the accident happened which was contained in an "Automobile Claim Report" which the plaintiff signed, but did not give the agent the name or himself write the name of the driver of the other vehicle and this was not on the report when he signed and gave it to the agent. He did not know the named person and would not know him if he walked in.

The Solicitor of the City Court of Jesup testified that he issued an accusation charging Hilton Causby Hall, Jr., with speeding and with hitting and damaging Jake Godfrey while operating an automobile on the highway and unlawfully failing to stop. The accusation was based upon an affidavit of State Trooper Hendrix based on information contained in the police officer's report. The records of the court indicate and the solicitor knew of his own knowledge that the defendant entered a plea of guilty; he signed the plea as solicitor. The plea of guilty on the accusation (identified by the solicitor and exhibited with the deposition) is signed by "W. Glenn Thomas, Defendant's Attorney," and by the solicitor.

State Trooper Hendrix testified that he looked at the truck and saw some damage to the front; he got the tag number and found that the tag was issued to a fellow named Hall. Later he procured a warrant for the arrest of Hilton Causby Hall. He parked close by and was watching the produce market, was given information that the fellow who had been driving the truck was inside, and called the sheriff's office to send a deputy. When the deputy arrived they went inside and asked a fellow standing there if he was Mr. Hall, and he said yes. They arrested him. Hendrix could not remember whether he asked or whether Hall admitted being the driver of the truck, but what he could gather from investigation indicated that he was. He did not see the man driving or around the truck. His investigation was based mainly on what Mr. Godfrey and another man said.

The deputy sheriff testified that he went with Trooper Hendrix into the place where they asked the name of the person pointed out as the driver of the truck, and got his driver's li-

cense, arrested him and put him in jail. He did not talk to him. He talked with Mr. Godfrey during the investigation. He was present in court when the man was represented by an attorney, Glenn Thomas, Jr. and heard him plead guilty. He had no indication that Hall was driving the truck other than statements of other persons. Hall did not deny he was the truck driver.

A certified copy of an accident report from the file of the State Patrol relating to the incident, signed by Trooper Hendrix, shows Hilton Causby Hall as the driver of a 1959 Chev. 1 ton truck.

The affidavit of the plaintiff states that the driver of the truck was unknown at the time of the collision and is still unknown; the driver did not stop, and no witnesses are known who can identify him.

While some of the evidence stated above might have been subject to an objection based on the "best evidence rule," an objection was not made in the trial court prior to the ruling on the motion for summary judgment. Therefore, such evidence will be considered by this court as part of the evidence which was before the trial court. *Planters Rural Tel. Co-op. v. Chance*, 108 Ga. App. 146 (132 SE2d 90). We will not so consider the evidence of hearsay, which is without probative value.

The evidence that Hilton Causby Hall, Jr., pleaded guilty to the accusation charging him with hitting and damaging Jake Godfrey while on the highway and unlawfully failing to stop was admissible as a voluntary admission and prima facie evidence of the facts admitted. *Henderson v. Henderson*, 94 Ga. App. 64, 72 (93 SE2d 822); *Akin v. Randolph Motors*, 95 Ga. App. 841, 848 (99 SE2d 358). The plaintiff contends that this evidence was not admissible because Hall is not the real party in interest in this case. We disagree. The question of law in the case sub judice is whether the evidence presented by the insurer that Hall was the driver of the truck would be sufficient proof of *identity* in a suit brought by the plaintiff against Hall. If the finding is affirmative then the driver is not unknown. The issue of the *identity* of the driver is the same in each case and the answer here is derivative of what the answer would be in a

suit against Hall. It would be ludicrous to exclude evidence in this case that would be admissible in a suit against Hall or admit evidence in this case which would be excluded in a suit against Hall.

The evidence of the plea of guilty plus the other admissible and probative evidence contained in the above summary pierced the allegations of the complaint naming the defendant as John Doe (as the alleged unknown owner or operator of the vehicle causing injury or damage to the plaintiff). The evidence presented by the plaintiff and before the trial court (that the driver was unknown to him) in no way rebuts the evidence for the defendant that the driver of the vehicle was Hall and creates no genuine issue of fact that the owner or operator of the vehicle causing injury was unknown. *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 302 (138 SE2d 580); *General Gas Corp. v. Carn,* 103 Ga. App. 542, 545 (120 SE2d 156); *Brawner v. Martin & Jones Produce Co.,* 116 Ga. App. 324 (157 SE2d 514); *Morrison v. Bonnie Davis Chevrolet, Inc.,* 120 Ga. App. 370 (170 SE2d 437).

The plaintiff relies on decisions of the Supreme Court of Appeals of Virginia applying the Virginia uninsured motorist statute which contains provisions like those in the Georgia statute quoted above. However, the facts in those cases are unlike those in the present case. In Mangus v. John Doe, 203 Va. 518, 520 (125 SE2d 166), at the time of the accident it did not appear that the plaintiff "had sustained any damage to his automobile or that he had suffered any bodily injury, and under the circumstances there was no necessity for him to obtain the name and address of the operator, whom he did not know, or the license number of his vehicle," and the court stated that in applying the statutory provision that if the owner or operator of the offending vehicle be unknown he shall be deemed to be uninsured, it could not read into the statute a duty of the insured to exercise due diligence to ascertain the identity of the unknown motorist. On like facts other courts, applying statutes which required the injured party to make reasonable efforts to ascertain the identity of the operator and owner of a hit-and-run vehicle, have held the offending motorist to be unknown.

See, e.g., Riemen-Schneider v. MVAIC, 26 A. D. 2d 309 (274 NYS2d 71); 61 CJS (1968 Supp. p. 586) Motor Vehicles, § 563.1 et seq. 7 Blashfield's Automobile Law and Practice, § 274.14 (3d Ed. 1966); 7 AmJur2d 460, 462, §§ 135, 136. In John Doe v. Simmers, 207 Va. 956 (154 SE2d 146), the evidence on the issue whether the plaintiff's damages were caused by an unknown motorist was held sufficient to support a verdict for the plaintiff. The evidence in that case as to the identity of the vehicle was held sufficient to support the finding that no truck of the company suspected (from the description given by the plaintiff) to own the truck injuring the plaintiff was involved, and there was no evidence as to the identity of the driver of the truck.

The provisions of the New Jersey uninsured motorist statute involved in Nash v. Iamurri, 76 N. J. Super. 167 (183 A2d 887), are different from the Georgia statute, and in that case the magistrate on a police complaint made against the alleged unknown motorist held that he was not satisfied that the defendant was the driver of the car involved in the accident.

While not considered by the trial court or by the parties, a further contention has been made that the right of the plaintiffs to bring suits under the "John Doe" procedure against an unknown owner or operator, related to their *subjective knowledge* of this fact at the time of filing the suits. The fallacy of this premise is illustrated by its own application. Under this theory, a person injured or damaged by a motorist who is unknown at the time of the incident could, in his own forum, immediately file a successful "John Doe" action before the police or the insurer had the opportunity to discover his identity. It cannot be said that this was the intent of the General Assembly. In our opinion, the General Assembly intended the "John Doe" procedure to be available only in a situation where the person who caused the injury or damage is an *actual* "unknown" motorist. If the plaintiff and his insurer are in dispute about this, the question of identity becomes an issue in the "John Doe" proceeding and is subject to the usual modes of determination.

The trial court erred in denying the defendant and intervenor's motions for summary judgment.

*Judgment reversed. Bell, C. J., Jordan, P. J., Eberhardt, Deen and Quillian, JJ., concur. Pannell and Whitman, JJ., dissent. Evans, J., not participating.*

PANNELL, Judge, dissenting. I concur with the dissenting opinion of Judge Whitman. I would like to add, however, that irrespective of the other questions of law or the disagreement amongst us as to them, one question relating to the evidence controls the entire case and as a matter of law demands an affirmance of the trial judge. There were several motions, pleas, etc., of the insurer, some in its name alone and some in the name of John Doe, all of which, meritorious or not, were dependent upon proof that Hilton Cosby Hall, Jr., was the driver of the truck which struck the plaintiff's automobile. A general motion for summary judgment was made and a general motion was denied. We do not know just on which motion, plea or portion of the answer the motion for summary judgment was made, which fact alone might have authorized its denial; but as I view the case, it is not necessary to base an affirmance on this ground for the reason that of the defenses which required this proof none of them was sustainable under the evidence adduced.

There was no evidence adduced which was sufficient to demand a finding that Hilton Cosby Hall, Jr., was the driver of the truck, or even authorized it for that matter. There is evidence of possible probative value that Hall was the *owner* of the truck because the truck was registered in his name according to the tag number thereon. This may be a circumstance which may be considered with all proper evidence, but standing alone is not sufficient proof to authorize a finding that Hall was driving the truck. All of the remaining evidence is pure hearsay and of no probative value. The State patrolman who investigated testified that a Negro boy pointed Hall out to him as the man who got out of the truck when it stopped shortly after the collision a considerable distance down the road. His report, showing Hall as the driver, was admitted in evidence. It is clear that the testimony of the officer relating to Hall being the driver of the truck is pure hearsay. Does admission in evi-

dence, without objection, of his "business" report in which he lists Hall as the driver prevent the evidence from being hearsay, and give it probative value? Were there no explanation of the source of information on the reports, the portion of the report pertaining to Hall being the driver might have .probative value under the business records statutes, but in my opinion where the officer himself discloses that the information on his report is pure hearsay, it has no probative value. The business records statute (*Code Ann.* § 38-711) is based upon an assumption that someone with personal knowledge had a hand in making the entries on the business record. See *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (99 SE2d 370) in which this court said: "It makes admissible writings and records kept in the regular course of business, unverified by persons who made such writings or the entries which make up such records." However, even should we assume that the evidence in the business record as to Hall is admissible (it was actually admitted) and that it has probative value, the evidence would still not demand a finding that Hall was the driver of the truck. The statute itself expressly provides: "All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility." Since lack of personal knowledge by the entrant or maker of the business record here has been shown, it is a matter for the jury to determine the weight and credit to be given such business report (see *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376 (100 SE2d 142)), even if we should agree that it is not hearsay and not lacking in probative value. Certified copies of court proceedings showing that Hall pleaded guilty to criminal charges of hitting plaintiff's automobile and leaving the scene of the accident and testimony of others that Hall pleaded guilty were also submitted. The majority seemingly consider this evidence admissible by a party against his interest under the exception to the hearsay rule citing *Henderson v. Henderson,* 94 Ga. App. 64, 72 (93 SE2d 822) and *Akin v. Randolph Motors, Inc.,* 95 Ga. App. 841, 848 (99 SE2d 358). I quote from these cases cited by the majority as follows: "In a civil action instituted for damages on grounds

of negligence for the violation of a penal statute admissions by the defendant tending to show guilt whether made in or out of court, are competent evidence as such. The reason that such evidence is admissible is not because a plea of guilty in a court has any particular sanctity on the trial of a civil action, but only because such plea constitutes an admission that the defendant was at fault." *Henderson v. Henderson,* 94 Ga. App. 64 (1), supra. "Admissions against interest by parties to the record constitute original evidence, but admissions by a third party who is not a party to the action, and which do not come under one of the exceptions stated in the Code, are hearsay. The trial court properly excluded evidence of a plea of guilty to a traffic violation on the part of a third party not joined in the litigation and not appearing as a witness therein." *Akin v. Randolph Motors, Inc.,* 95 Ga. App. 841 (5), supra. In both these cases, the evidence submitted was as to an admission made by a party to the case being heard, and this exception applies only in such a situation. *Lumpkin v. American Surety Co.,* 69 Ga. App. 887 (27 SE2d 412); Green, Georgia Law of Evidence 519, 522, §§ 233, 237. I know of no case where this rule has been applied where the person making admission was not a party to the case or in privity with the party thereto. Hall is not a party here but he is a party to two cases filed subsequently to the present ones. The majority do not contend or state that Hall is a party to the present cases, but base their conclusions on the theory that it would be ludicrous to hold that this evidence was inadmissible in this case and that it was admissible in the cases against Hall or vice versa. There is a basic reason for admitting such evidence as an admission by a party and in not admitting such evidence where the party making the admission is not a party to the case. I do not think that the law in this regard is ludicrous nor do I think that a whole body of law developed over the centuries should be summarily cast aside or ignored, merely because through misunderstanding the law it may appear to be ludicrous. If we think it is ludicrous, then we should vote to overrule this great body of the law on the probative value of hearsay evidence. That I am not prepared to do.

However, even should I assume that there is some proof of the identity of Hall as being the same person as Hilton Cosby Hill as shown in the statement signed by the plaintiff by applying the doctrine of idem sonans (plaintiff denied this name was in the statement when he signed it; see, however, *Canal Ins. Co. v. Tate*, 111 Ga. App. 377 (141 SE2d 851) which holds that such proof does not demand a finding of the same identity), this proof would only apply in reference to the signed statement of the plaintiff where the party named Hill was inserted in a form. In other words, the doctrine of idem sonans merely gets rid of the difference between Hall and Hill and shows merely that Hill and Hall are one and the same person. It proves nothing else, and does not get rid of the insufficiency of the proof that Hall had connection with the collision. The majority in effect hold that Hall is the real party at interest in this case stating as their reasons for so holding the following: "The question of law in the case sub judice is whether the evidence presented by the insurer that Hall was the driver of the truck would be sufficient proof of *identity* in a suit brought by the plaintiff against Hall. If the finding is affirmative then the driver is not unknown. The issue of the *identity* of the driver is the same in each case and the answer here is derivative of what the answer would be in a suit against Hall. It would be ludicrous to exclude evidence in this case that would be admissible in a suit against Hall or admit evidence in this case which would be excluded in a suit against Hall." That the issue in a case in which Hall is a party may be the same as the issue in this case furnishes no grounds or reason for holding that Hall is the real party at interest in the present case. I do not understand how the fact that since the issue of identity of the driver is the same in the present case as it will be in the cases against Hall makes evidence which would be admissible in the cases against Hall admissible in cases in which he is not a party; or how the "answer" here on the issue is "derivative" of what the answer would be in an entirely different case. The majority in effect are determining the answer in a suit against Hall which has not yet been tried, and in which the evidence may be entirely different. In these cases, Hall might explain his admission to the satisfaction of the jury.

The motion for summary judgment was one in favor of the defendant insurer "upon the complaint . . . on the ground that the identity of the alleged tortfeasor is not unknown to plaintiff and that there is no genuine issue as to any material fact and that the moving parties are entitled to a judgment as a matter of law." A motion to stay the present case until the disposition of the cases subsequently filed against Hall was made on the same grounds and is still pending before the lower court. In my opinion, the proper practice would be to grant the stay rather than to dismiss the case on motion for summary judgment on the complaint as is done by the majority here. The majority raises very pertinent questions: If, on the trial of the cases against Hall, he should convince the jury he was not the driver of the truck that struck the plaintiff, could the plaintiff rebring his John Doe action? And if he could rebring it, could the statute of limitation run against him in the meantime? The fact that the result reached by the majority poses these questions demonstrates the fallacy thereof.

For these additional reasons, I cannot agree with the majority ruling. I am authorized to state that Judge Whitman concurs in this additional dissent.

WHITMAN, Judge, dissenting. I dissent from the majority opinion in these cases and from the judgment of reversal of the orders of the trial court which overruled motions for summary judgments filed jointly by defendant John Doe and intervenor, State Farm Mutual Automobile Insurance Company.

1. Separate suits were brought by the plaintiffs J. W. Godfrey and Ruby Godfrey in the Superior Court of Long County, Georgia, under the "John Doe" procedure as provided by the State Uninsured Motorist Act, for personal injuries alleged to have been sustained by plaintiffs on May 31, 1966, as the result of an automobile collision in Wayne County, Georgia. It appears from the record that the plaintiffs at the time of the incident in question and at the time of the institution of the suits were residents of Long County. It further appears from the record that at the time of the collision one Hilton Causey Hall, Jr. (also referred to in the record as Hilton Causby Hall, Jr.) was the actual operator of the motor vehicle, a pick-up truck,

which allegedly collided with the automobile in which the Godfreys were riding, but it is contended by the Godfreys that the operator was unknown at the time of the institution of the suits and that knowledge of the actual operator as Hilton Causey Hall, Jr. was unknown to them at the time when the suits were instituted. They testified by affidavit of date November 26, 1968, that the driver of the pick-up truck was then unknown and was unknown at the time of the collision on May 31, 1966. However, by the pleas to the jurisdiction and answers filed on behalf of Doe and intervenor, State Farm Mutual Automobile Insurance Company, on March 28, 1968, it was alleged that the actual operator of the pick-up truck was Hall.

In our view the sole and determinative question as to the right of the Godfreys to have brought their suits under the "John Doe" procedure as unknown owner or operator, related to the time of the filing of the suits on February 28, 1968. According to the record there is no evidence that they or either of them had any knowledge or notice of the identity of the actual operator of the motor vehicle which collided with the automobile in which they were riding at the time of the collision either before or at the time of the filing of their suits, nor, for that matter, until the filing of the pleas to the jurisdiction and answers on March 28, 1968.

2. There is in the record as a part of the evidence a written automobile claim report admittedly signed by Mr. Godfrey under date of June 1, 1966, on form of the insurance company relating to alleged injuries of the Godfreys, which is filled in by ordinary handwriting with the exception of the name of the driver which in printed handwriting sets forth the name "Hilton Causey *Hill*." (Emphasis supplied.) Mr. Godfrey testified that this name was not in the form at the time he signed it. Moreover, it is to be noted that the name of the driver in the automobile claim report is Hill and not Hall.

3. There is also in the record proceedings in the City Court of Jesup, Wayne County, charging and accusing Hilton Causey Hall, Jr. with misdemeanor offenses alleged to have been committed by him on May 31, 1966, to which he entered plea of guilty under date of June 2, 1966. It does not appear from the

record that the Godfreys or either of them instituted such proceedings, nor does it appear that they or either of them were present at, participated in or had knowledge of such proceedings.

4. The Uninsured Motorist Act (*Code Ann.* § 56-407.1) does not contain any provisions in respect of venue of an action against an unknown defendant as "John Doe." However, *Code Ann.* § 56-1201, relating to actions against insurance companies, which is regarded as applicable, does provide that "whenever any person shall have a claim or demand on any insurer, such person may institute suit in any of the following places: . . . (4) In any county where the property covered by an insurance contract upon which an action is brought is located or where the person entitled to the proceeds of an insurance contract upon which action is brought maintains his legal residence." It is my opinion, and it is so held, that the Godfreys were entitled to bring their suits in Long County, the county of their legal residence. *Code Ann.* § 56-1201 has been held to be constitutional in the case of *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (127 SE2d 454).

5. The Godfrey suits here involved were civil actions Nos. 1081 and 1082 in Long Superior Court. It appears from the stipulation of the parties that the deposition of Mr. Godfrey was taken not only for the purpose of use in these cases, but also in cases thereafter filed against Hilton C. Hall, Jr. in civil actions Nos. 1095 and 1096. The latter two suits are not a part of the record and it does not appear from the record as to date or dates on which they were filed, nor what defense or defenses, if any, have been filed thereto. It does appear from the record by the deposition of Mr. Godfrey that after the filing of the answers in the John Doe cases on March 28, 1968, and on the basis of the answers and information given therein, additional suits were filed in Long Superior Court in Cases Nos. 1095 and 1096 against Hilton C. Hall, Jr. as known owner or operator, and these suits appear to have been properly brought pursuant to the provisions of *Code Ann.* § 56-407.1 (e) notwithstanding the pendency of actions Nos. 1081 and 1082 against "John Doe" as unknown owner or operator.

In my opinion the judgment of the trial court overruling the motions for summary judgment should be affirmed. See in this connection as persuasive authorities Mangus v. John Doe, 203 Va. 518 (125 SE2d 166); John Doe v. Simmers, 207 Va. 958 (154 SE2d 146).

I am authorized to state that Judge Pannell concurs in this dissent.