## 46275. FIDELITY & CASUALTY COMPANY OF NEW YORK v. WILSON.

PANNELL, Judge. Terry R. Wilson brought a John Doe complaint under Georgia Insurance Code § 56-407A (*Code Ann.* § 56-407.1), as amended, relating to actions concerning uninsured motorists, alleging that the defendant was unknown and perfecting service upon his insurance carrier, the appellant, Fidelity & Casualty Company of New York. The insurance company answered, setting up as a first defense that the "defendant" motorist was known and a John Doe action would not lie. The second defense was to the merits of the action. The insurer also made a motion for summary judgment on the grounds (1) there was no genuine issue of material fact and the movant was entitled to judgment in its favor as a matter of law, and (2) that no verdict or judgment could be rendered in the action as brought, as the operator of the other vehicle "is a known person and not an unknown, uninsured motorist." No materials or evidence were adduced as to Ground 1 showing there was no

material issue as to any material fact or that the movant was entitled to a judgment (on the merits) in its favor as a matter of law. The only evidence and materials adduced related to Ground 2 of the motion. An affidavit of the police officer who investigated the collision stated that the collision occurred between an automobile driven by Harley Willis Ford and one driven by the complainant, that he talked with Harley Willis Ford, examined his driver's license and determined that his name was Harley Willis Ford and that his address was 1631 Louisville Avenue, Louisville, Kentucky. The driver's license was Kentucky license number F630298. In opposition to this affidavit, the attorney for the complainant offered his own affidavit stating "that he has been unable to trace the ownership of the automobile which struck" complainant and that "there was no such license either in Georgia or Kentucky as '1969 Ga. J14-169.' " This affidavit further showed that an action was brought against Harley Willis Ford, and service was attempted by serving the Secretary of State of the State of Georgia under the Nonresident Motorist Act, as amended (Ga. L. 1937, p. 732; Ga. L. 1964, p. 299; Ga. L. 1967, p. 800; *Code Ann.* § 68-801 et seq.), but that the notice and copy of suit sent by registered mail was returned as "not in Louisville, Kentucky, directory," that the attorney then called the telephone number given on the accident report and talked to an unknown female who said that she knew Harley Willis Ford but that he lived in Valley Station, Kentucky, that she did not know whether he had been involved in an automobile accident in Georgia or whether he had ever been in Georgia. The affidavit of the attorney further stated that "he has exhausted every possibility that is available to him of locating the alleged Harley Willis Ford, all to no avail, and does verily believe that the driver of the automobile which damaged petitioner was not, in fact, Harley Willis Ford, and was and remains unknown to deponent." It appears from a certified record of the Secretary of State that a registered notice and copy of complaint were also sent by registered mail addressed to Ford at Valley Station, Kentucky. This was returned marked "unclaimed" and another letter addressed to Ford was sent to a street address in Valley

Station, Kentucky. This was returned as unclaimed after the sending of three notices. It appears from the allegations of the answer, although not proven, that the suit against Harley Willis Ford was dismissed by the complainant after the failure of delivery of the notice and copy of the complaint by registered mail. The trial court denied the insurer's motion for summary judgment and it appealed to this court. *Held:*

There is nothing in the materials presented or the affidavit of complainant's attorney which would indicate or show in any way that the other motorist involved in the collision was unknown. This affidavit contains other conclusions, such as that there was no such license tag, as shown on the police report, issued in either Georgia or Kentucky, nor do the statements in his affidavit that he believes the driver of the automobile was not Harley Willis Ford constitute any proof of that fact. See *Varnadoe v. State Farm Mut. Auto. Ins. Co.,* 112 Ga. App. 366 (1) (145 SE2d 104); *Planter's Rural Telephone Co-op. v. Chance,* 108 Ga. App. 146 (132 SE2d 90); *Cochran v. Southern Business University,* 110 Ga. App. 666 (2) (139 SE2d 400). "A motorist whose identity is known does not become an 'unknown' motorist under the above statute merely because his whereabouts is unknown." *Quattlebaum v. Allstate Ins. Co.,* 119 Ga. App. 791 (2) (168 SE2d 596).

We accordingly must hold that the insurer was entitled to a summary judgment, not on the merits of the action, but on the propriety of the type of action brought and that such action should be dismissed. Whether or not the complainant can rebring his action at this time as against a known uninsured motorist, and whether, if he rebrings it, he may serve the other motorist by publication under Section 4 of the Civil Practice Act (Ga. L. 1966, pp. 609, 610; Ga. L. 1967, pp. 226, 227; *Code Ann.* § 81A-104) we do not decide.

*Judgment reversed. Bell, C. J., Jordan, P. J., Eberhardt, Quillian, and Whitman, JJ., concur. Hall, P. J., concurs specially. Deen and Evans, JJ., dissent.*

ARGUED JUNE 1, 1971—DECIDED SEPTEMBER 13, 1971.

*Swift, Currie, McGhee & Hiers, George W. Hart,* for appellant.

*Crowe & Martin, Arthur L. Crowe,* for appellee.

HALL, Presiding Judge, concurring specially. In my opinion, this case is controlled by *State Farm Mut. Auto. Ins. Co. v. Godfrey,* 120 Ga. App. 560 (171 SE2d 735), certiorari denied, 120 Ga. App. 887 (whole court case with Judges Pannell and Whitman dissenting). This court held that a suit under the Uninsured Motorists' Act against John Doe would not lie for the reason that the defendant insurer established on motion for summary judgment "the *identity* of the owner and operator, and the plaintiff offered no probative evidence to rebut that presented by the insurer."

DEEN, Judge, dissenting. The only question here is whether, on motion for summary judgment, the evidence conclusively demands a finding that the identity of the driver of the automobile which collided with plaintiff's is known. The burden is of course on the movant to eliminate every material issue of fact in this regard. *Herrington v. Stone Mtn. &c. Assn.,* 119 Ga. App. 658 (168 SE2d 633). This cannot be accomplished by evidence which constitutes an opinion or a conclusion. *Waldrop v. Padgett,* 121 Ga. App. 313 (173 SE2d 457); *Chandler v. Gately,* 119 Ga. App. 513 (167 SE2d 697). The construction of evidence is strict as to the movant, indulgent as to the opposing party.

Is the alleged tortfeasor in fact a person named Harley Willis Ford or is he an unknown person? He was interviewed by the investigating policeman and gave him that name plus an address and a Kentucky driver's license, and the officer also took down the car license. The address is fictitious; the car license number is fictitious, and no person by that name could be found for service in the city where the address was given. Neither side offers evidence as to the driver's license. A telephone number in the accident report led to a statement by an unknown person that a person by the name of Harley Willis Ford resided in another city, but an attempt at service based on this information failed to reveal any such person.

The officer's affidavit stating he "determined" the driver to be Harley Willis Ford is thus shown to be a conclusion based on erroneous information given by the person denominating himself Harley Willis Ford and on no other facts. The affidavit of plaintiff's attorney that the person in question is not Harley Willis Ford is

of course also a conclusion. The issue remains gravely in doubt as to whether the driver correctly identified himself to the police officer, and this is our only source of information. All we know is that a man who gave his name as Harley Willis Ford along with a fictitious address has completely vanished, and there is no other proof that such a person bearing that name did in fact exist. Under these circumstances I think the denial of the motion for summary judgment based on the contention that the tortfeasor was "known" was a correct ruling by the trial court. Perhaps other evidence of his existence can be obtained, but it is certainly absent from the movant's presentation here.

*State Farm Mut. Ins. Co. v. Godfrey,* 120 Ga. App. 560 (171 SE2d 735), does not involve identity. There, the identity of Hall, the alleged tortfeasor, was known and there was evidence that Hall pleaded guilty to a traffic offense in connection with the collision giving rise to the action. The issue was not the existence of a person of the name alleged, but whether that person was in fact involved in the collision, and his admission of guilt was sufficient to establish his connection with the case.

I would affirm the denial of summary judgment.

I am authorized to state that Judge Evans concurs in this dissent.