*Al Horn,* for appellants.

## 50020. MERCER v. DOE.

QUILLIAN, Judge.

Counsel for the appellee states that the statement of facts set forth in the appellant's brief is correct. The brief filed by the appellant sets forth the facts as follows:

"The appellant filed a civil action for property damage in the State Court of Bibb County, Georgia, against John Doe. This complaint was filed under Georgia's Uninsured Motorist Statute found at 56-407.1 of the Code of Georgia Annotated and the appellant caused a copy of the complaint to be served on Hartford Accident & Indemnity Company with whom the appellant contends he has uninsured motorist insurance coverage.

"Hartford Accident & Indemnity Company, hereafter referred to as Hartford, then filed three motions to dismiss the complaint and a response to the complaint. The motions and the response were filed in Hartford's own name and no pleadings have been filed on behalf of John Doe.

"One of Hartford's motions was to dismiss the complaint on the basis of improper venue.

"Upon consideration of this motion, *based upon the stipulated facts that the identity, residence and whereabouts of John Doe were unknown, that the plaintiff was a resident of Bibb County, Georgia,* that the accident occurred in Houston County, Georgia, and that the complaint was based upon Georgia's Uninsured Motorist Act, the trial court Judge ruled that the Uninsured Motorist Laws of Georgia, Acts 1963, Page 588, as amended (Section 56-407.1, Code of Georgia Annotated) make no provision where an action of this type can be instituted and the appellant's complaint was ordered dismissed on the basis of improper venue." Appeal was taken to this court. *Held:*

Code Ann. § 56-407.1 (d) (Ga. L. 1963, p. 588, as

amended) provides in part: "If either the owner or operator of any vehicle causing injury or damages be unknown, an action may be instituted against the unknown defendant as 'John Doe,' and a copy of such action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though such insurance company were actually named as a party defendant, and the insurance company shall have the right to file pleadings and take other action allowable by law in the name of John Doe or itself."

The appellee contends that the statute does not make any specific provision as to venue and therefore the statute is fatally defective and an action of the type in the case sub judice may not be instituted. With this contention we can not agree.

Code Ann. § 56-1201 (Ga. L. 1960, pp. 289, 500; 1969, p. 740) provides that an action may be filed against an insurance company in any county where the person who is entitled to the proceeds of an insurance contract maintains his legal residence.

We have been unable to find a decision which provides specifically as to the venue of an action against an unknown uninsured motorist. However, there is an excellent discussion of this question in a dissent written by Judge Whitman in *State Farm Mut. Auto. Ins. Co. v. Godfrey,* 120 Ga. App. 560, 572 (171 SE2d 735): "The Uninsured Motorist Act (Code Ann. § 56-407.1) does not contain any provisions in respect of venue of an action against an unknown defendant as 'John Doe.' However, Code Ann. § 56-1201, relating to actions against insurance companies, which is regarded as applicable, does provide that 'whenever any person shall have a claim or demand on any insurer, such person may institute suit in any of the following places: . . . (4) In any county where the property covered by an insurance contract upon which an action is brought is located or where the person entitled to the proceeds of an insurance contract upon which action is brought maintains his legal residence.' It is my opinion, and it is so held, that the Godfreys were entitled to bring their suits in Long County, the county of their legal residence."

820

The majority opinion in the *Godfrey* case did not expressly deal with the issue of venue. However, we feel that Judge Whitman's logic and interpretation of the statutes discussed in the dissent are sound and are hereby adopted as controlling in the present case.

Our ruling carries out the intention of making available to insureds the rights created by the Uninsured Motorist Act. Additionally it does not infringe upon the rights of the insurance carrier since it is the insurer who is the party primarily involved in making payment of any valid judgment to its insured under the coverage provided by the uninsured motorist document.

The sustaining of the motion to dismiss was error.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

Submitted January 9, 1975 — Decided April 21, 1975 — Rehearing denied May 14, 1975 — 

*Evans, Dozier, Mann & Wingate, L. Z. Dozier,* for appellant.

*Harris, Watkins, Taylor & Davis, Joseph H. Chambless,* for appellee.