## 51122. WILSON v. SHEPPARD.

PANNELL, Presiding Judge.

This is an appeal from the denial of a motion to dismiss the complaint by appellant Wilson in an action brought by appellee Sheppard against Wilson and North Fulton Realty Company, Inc. The complaint reads as follows:

"The complaint of O. Nixon Sheppard, plaintiff in the above styled action, respectfully shows the following facts:

"1. The defendants herein are North Fulton Realty Co., Inc., a corporation organized and existing under the laws of the State of Georgia, having its principal office and an agent upon whom service of process may be made at 3711 Roswell Road, N.E., in Fulton County, Georgia; and J. H. Wilson, who resides at 3824 Land O'Lakes Drive N. E. in Fulton County, Georgia.

"2. On January 28, 1972, plaintiff and Mary E. Post entered into a contract in writing, a copy of which, marked Exhibit "A," is attached hereto and made a part hereof, with North Fulton Realty Co., Inc., a licensed real estate brokerage firm, as principal, and J. H. Wilson, as surety, under the terms of which plaintiff and Mary E. Post agreed to open and manage a branch office of North Fulton Realty Co., Inc., in DeKalb County, Georgia for a period of fifteen years, in consideration of a share of the net profits of said office and an agreement not to open another branch office in DeKalb County without the consent of plaintiff and Mary E. Post.

"3. Pursuant to said contract, plaintiff and Mary E. Post thereafter opened and managed a branch office for North Fulton Realty Co., Inc. in DeKalb County, Georgia, said branch office being located at 4330 LaVista Road, DeKalb County, Georgia.

"4. On or about September 1, 1974, North Fulton Realty Co., Inc., without the consent of plaintiff and Mary E. Post, opened a second branch office in DeKalb County, which office, located at 2999 North Druid Hills Road, N.E., has made, and will continue to make, until the expiration date of said contract, substantial reductions in the net profits of the LaVista Road office.

"5. After opening the North Druid Hills Road Office in violation of said contract, North Fulton Realty Co., Inc., further violated said contract, on or about November 19, 1974, by making Mary E. Post the sole manager of the LaVista Road office and depriving plaintiff of any participation in ᵗʰe management and net profits of said office.

"6. Prior to November 19, 1974, plaintiff complied

with all the terms of said contract with which he was required to comply, and he would have continued to comply with said terms thereafter if he had not been prevented from doing so by North Fulton Realty Co., Inc.

"7. As a direct result of North Fulton Realty Co., Inc.'s actions, plaintiff has been deprived, and will continue to be deprived, until the expiration date of said contract, of his lawful share of the net profits of North Fulton Realty Co., Inc.'s LaVista Road office.

"8. By reason of the foregoing facts, plaintiff has been damaged in the sum of $500,000.00.

"Wherefore, plaintiff demands judgment against the defendants in the sum of $500,000.00, together with court costs."

The exhibit attached to the complaint is signed by all the parties, including Wilson. The contract is between North Fulton Realty Co., Inc., and Mary E. Post and Sheppard. The only time J. H. Wilson is mentioned in the body of the contract is in Paragraph 15, which reads as follows: "North Fulton as designated herein shall include its transferees, successors and assigns as well as any company, partnership or corporation which shall succeed [it] or which it shall be merged into and in the event of any such merger or in the event of the sale of the stock of said corporation by its present owner, J. H. Wilson, or in the event of the sale of the assets of North Fulton Realty Company, Inc., their successors, transferees and assigns of such stock and/or assets shall be bound by the terms of this contract and agreement and J. H. Wilson shall be made a party hereto, individually for the purpose of enforcing the terms of this paragraph of this agreement." *Held:*

While we recognize the rule that a complaint will not be dismissed unless the averments in the complaint disclose with certainty that the complainant would not be entitled to relief under any state of facts provable in support of the claim ( *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260)), this rule is of no aid to the complainant, even though the complaint alleges that J. H. Wilson signed the contract as surety. This is so for the reason that the contract, the breach of which constitutes the cause of action and which is attached to the complaint

clearly discloses that Wilson signed the contract solely for the purpose of the enforcement of Paragraph 15 thereof. The complainant is bound by the terms of the attached written contract and the terms of the contract, if contradictory of the allegations of the complaint, must govern ( *Gaines v. Sheldon Simms Co.,* 119 Ga. App. 870, (169 SE2d 126); *Twisdale v. Ga. Railroad Bank &c. Co.,* 129 Ga. App. 18 (198 SE2d 396)); and a breach of the conditions provided for in Paragraph 15 not being alleged, nor a sale by Wilson of his stock, nor merger of sale of corporate assets, but only the breach of other paragraphs of the contract, no right of recovery is shown against J. H. Wilson.

In the absence of fraud, parol evidence is not admissible to overcome the express unambiguous language of the contract limiting the purpose for which J. H. Wilson is a party thereto (Code §§ 38-501, 38-502); no reformation is sought; nor is any other contract alleged or attached whereby Wilson has bound himself as surety for the performance of the contract which is attached, or the portion thereof alleged to have been breached; nor is it alleged that any acts of Wilson entered into, contributed to, or caused the alleged breach. Cases where parol evidence is admissible to explain the capacity in which a party signed a contract, though different from that appearing below or after the signature designating the capacity (see Code § 103-306; *McClain v. Georgian Co.,* 17 Ga. App. 648 (2) (87 SE 1090); *Bishop v. Georgia Nat. Bank,* 13 Ga. App. 38 (2) (78 SE 947); *Stanfield v. McConnon & Co.,* 25 Ga. App. 226, 229 (102 SE 908); *O'Quinn v. Carter,* 34 Ga. App. 310 (1) (129 SE 296); *Trammell v. Swift Fertilizer Works,* 121 Ga. 778 (49 SE 739)) are not controlling where the *body of the contract* explicitly *limits* the capacity of the party as was done in the present case.

We conclude, therefore, the trial judge erred in refusing to sustain the motion to dismiss the complaint as to the defendant, Wilson.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 4, 1975 — DECIDED NOVEMBER 7, 1975.

*Sam G. Dettelbach,* for appellant.
*Louis F. McDonald,* for appellee.