## 52956. MARTIN v. PIERCE et al.

Marshall, Judge.

Appellant Martin appeals the grant by the trial court of appellees' motion to dismiss Count 1 for failure to state a cause of action against appellees and the grant of the motion insofar as it prayed for attorney fees based upon stubborn litigiousness. The issue is whether an exhibit attached to Martin's complaint proves that he cannot recover under Count 1 thereof.

The complaint reflects that Martin owned a contracting business and alleges he was engaged to perform certain dry wall and insulation work by the 12 named defendants (appellees) as partners or joint venturers under the composite name of Twelve Oaks Apartments. Martin also named as a partner one Dewey P. Kelley, but excluded Kelley as a named party defendant because Kelley had filed for bankruptcy. Martin explicitly alleged that his contract was with Twelve Oaks and that each of the defendants as a part of

Twelve Oaks was jointly and severally indebted to him in the sum of $23,419.02. Martin, as a part of his pleadings, alleged he had filed a claim of lien upon the property and attached a copy of that lien as an exhibit to his complaint.

The lien shows that the property improved was owned by Dewey P. Kelley and that the improvement was made at the request of Kellco Construction Company. The lien makes no reference to Twelve Oaks as owner, part owner, or that Kelley was connected in any way with Twelve Oaks. The lien does not show what relationship, if any, that Kellco Construction Company might have to Twelve Oaks Apartments or the joint venturers named as individual defendants in Count 1.

Martin seeks, in Count 1, recovery of the $23,419.02 plus interest and attorney fees and a lien on the property for said amount. Martin enumerates as error the grant of the motion to dismiss Count 1 for failure to state an action and the grant of attorney fees. The parties agree that if the trial court properly dismissed Count 1, the issue pertaining to attorney fees is mooted. *Held:*

1. Exhibits attached to a petition control over its general allegations. *Gaines v. Sheldon Simms Co.,* 119 Ga. App. 870 (169 SE2d 126); *J. G. T., Inc. v. Brunswick Corp.,* 119 Ga. App. 719 (1) (168 SE2d 847); *Gilham v. Stamm & Co.,* 117 Ga. App. 846 (162 SE2d 248); *Spiegel v. Hays,* 103 Ga. App. 293, 297 (119 SE2d 123); *Williams v. Appliances, Inc.,* 91 Ga. App. 608 (4) (86 SE2d 632). Solemn admissions in judicio as made in the pleadings are conclusive against the party making them, unless formally withdrawn from the pleadings (*Wood v. Claxton,* 199 Ga. 809 (1) (35 SE2d 455)), and a party to a suit will not be allowed to disprove an admission made in his pleadings, unless it has been withdrawn from the record. *Head v. Lee,* 203 Ga. 191 (8) (45 SE2d 666). In this case Martin has alleged in his complaint that Twelve Oaks engaged his services to improve certain property owned by a partnership known as Twelve Oaks Apartments and including one Dewey P. Kelley. However, the exhibit attached to the complaint states that the improvements were furnished at the instance of Kellco upon property owned by Dewey P. Kelley. The CPA did not wipe out or destroy the law in Georgia to the effect that a party to an

action is bound by material allegations made in his pleadings so long as they remain in his pleadings, and the plaintiff's contradictory pleadings, if any, are to be construed in favor of the defendant. *Anderson v. Oakley,* 133 Ga. App. 758, 759 (212 SE2d 875) and cits. The opposite party may rely upon the admission as having established the fact alleged in his favor, and no proof thereof is needed. *Lovell v. Frankum,* 145 Ga. 106 (5) (88 SE 569).

There is no amendment of the pleadings here, in writing or otherwise, and no basis for our considering the pleadings to have been amended by evidence. The exhibit attached to the complaint showed that the contracting party was Kellco Construction Company, and that the owner of the property was Dewey P. Kelley. Neither was made a party to the action. A person who is not a party to a contract (i.e., is not named in the contract and has not executed it) is not bound by its terms. *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683, 686 (188 SE2d 901).

While we recognize the rule that a complaint will not be dismissed unless the averments in the complaint disclose with certainty that the complainant would not be entitled to relief under any state of facts provable in support of the claim (*Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260)), this rule is of no aid to Martin, even though his complaint alleges that the appellees as members of a partnership are indebted to him for improvement of property owned by the appellees. This is so for the reason that his exhibit shows the contract is with other parties. We conclude that the trial court did not err in dismissing Count 1 of the complaint for failure to state an action against the twelve named defendant appellees. *Wilson v. Sheppard,* 136 Ga. App. 475, 478 (221 SE2d 671).

2. We note that in its judgment, the trial court based its order upon the premise that an owner of real property who has not personally contracted for improvements thereon is not subject to an in personam judgment for the value of the improvements. Though we do not base our opinion on that premise, nevertheless we will affirm. Where the judgment of the trial court is proper and legal for any reason, it will be affirmed regardless of the reason

assigned. *Walden v. Barwick,* 72 Ga. App. 545 (2) (34 SE2d 552); *Turner v. Baggett Transp. Co.,* 128 Ga. App. 801 (198 SE2d 412); *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 13, 1976 — DECIDED JANUARY 7, 1977.

*Kaler, Karesh & Frankel, Ira L. Rachelson,* for appellant.

*Harland, Cashin, Chambers, Davis & Doster, Harry L. Cashin, Jr., Chambers, Siefferman, Robinson & Cooper, Floyd E. Siefferman, Jr., Tom Venker, Gambrell & Mobley, James L. Paul, John P. MacNaughton,* for appellees.