### 76634. SMITH v. DOE et al.
(375 SE2d 477)

BENHAM, Judge.

The issue to be resolved in this case is whether a plaintiff can maintain in a single lawsuit a John Doe action against an unknown hit-and-run driver and, in the alternative, an action against a named person whom the plaintiff accuses of being the tortfeasor. We answer the question in the affirmative and reverse the judgment below.

The collision out of which this action arose occurred while appellant was sitting in the back seat of a car in front of his home. Another car collided with the one in which appellant sat, injuring him. Appellant did not see who was driving the other car, but two eyewitnesses called out that the car across the street had hit the one in which appellant sat. Those same two witnesses and appellant subsequently identified from a photograph a vehicle owned and operated by Waters. Waters has denied involvement in the collision and, so far as the record shows, has not been charged with any offense arising therefrom.

Appellant filed suit against John Doe and then amended his complaint to add another count naming Waters as the tortfeasor. Appellant's uninsured motorist carrier answered in the name of John Doe and moved for summary judgment on the ground that the tortfeasor was not unknown. In support of the motion, appellee points to the deposition testimony of appellant and his aunt and uncle, the eyewitnesses to the collision. In all three depositions, Waters' car is identified as the one which struck the car in which appellant was sitting. However, the record also contains an affidavit by Waters in which he

asserts that his car was not involved in a collision on that date or any other date.

1. Relying on *State Farm &c. Ins. Co. v. Godfrey*, 120 Ga. App. 560 (171 SE2d 735) (1969), the trial court granted summary judgment to John Doe, holding that, in *Godfrey*, "the Court stated that evidence concerning the identity of the driver previously said to be unknown creates no genuine issue of fact that the driver was unknown." What this court actually said in *Godfrey* was as follows: "The evidence of the plea of guilty [by the person whom the insured had named in another suit as the tortfeasor] plus the other admissible and probative evidence . . . pierced the allegations of the complaint naming the defendant as John Doe (as the alleged unknown owner or operator of the vehicle causing injury or damage to the plaintiff). The evidence presented by the plaintiff and before the trial court (that the driver was unknown to him) in no way rebuts the evidence for the defendant that the driver of the vehicle was Hall and creates no genuine issue of fact that the owner or operator of the vehicle causing injury was unknown. [Cits.]" Id. at 564. It is clear, however, that in the present case the depositions of appellant and his aunt and uncle and the affidavit from Waters create a question of fact concerning Waters' identity as the driver of the car involved in the collision, a question of fact which would clearly preclude the grant of summary judgment to appellant against Waters. That being so, *Godfrey* is distinguishable, as is *Fidelity &c. Co. of N. Y. v. Wilson*, 124 Ga. App. 444 (184 SE2d 21) (1971), where the identity of the tortfeasor was not in question.

2. The key to appellee's defense in this case has been its insistence that the tortfeasor is "known." In addition to asserting that there is no question of fact presented by the evidence, an assertion we have rejected above, appellee contends that appellant is bound by the allegation in the second count of the complaint that Waters is the tortfeasor. Appellee's argument on this issue ignores the liberal pleading provisions of our Civil Practice Act which permit a plaintiff to assert inconsistent claims in a single pleading. "A party may . . . state as many separate claims or defenses as he has, regardless of consistency. . . ." OCGA § 9-11-8 (e) (2). "The rules set forth in the Civil Practice Act 'are intended to promote and not to obstruct the administration of justice and thus enable the Court to do substantial justice rather than to decide cases upon technicalities which have no relationship whatever to the rights of the parties to the litigation.' [Cit.]" *Mundt v. Olson*, 155 Ga. App. 145 (270 SE2d 344) (1980). To adopt appellee's restrictive view of pleadings would be contrary to both the letter and spirit of the CPA.

3. "The purpose of uninsured motorist legislation is to require some provision for first-party insurance coverage 'to facilitate indemnification for injuries to a person who is legally entitled to recover

damages from an uninsured motorist, and thereby to protect innocent victims from the negligence of irresponsible drivers.' [Cit.] Uninsured motorist statutes are remedial in nature and must be broadly construed to accomplish the legislative purpose. [Cits.]" *Smith v. Commercial Union &c. Co.*, 246 Ga. 50, 51 (268 SE2d 632) (1980).

Appellee's position is that whenever a plaintiff in an action against John Doe subjectively believes a known person is responsible for the plaintiff's damages, regardless of whether that person denies involvement, John Doe is entitled to summary judgment. This case demonstrates the potential for unfairness in that position. Since appellant and his witnesses have named Waters as the tortfeasor, and Waters has denied that his car collided with the one in which appellant sat, Waters' involvement in the collision is a question for a jury. If the jury should find against appellant, that would establish that Waters was not the tortfeasor. That being so, the identity of the tortfeasor would be unknown, but the earlier grant of summary judgment to John Doe would foreclose a judgment against an unknown tortfeasor. Appellant would then be unable to obtain the judgment against the tortfeasor which is a condition precedent to recovery against the uninsured motorist carrier (*Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165 (268 SE2d 676) (1980)). That situation is what the uninsured motorist statute was enacted to avoid, and to adopt appellant's position would thwart its purposes.

We hold, therefore, that in a case such as the present one, where the plaintiff has named an actual person as tortfeasor, but that person denies involvement so as to create a question of fact concerning the identity of the tortfeasor, the plaintiff may maintain claims against both the alleged tortfeasor and John Doe. Out of an abundance of caution, we note that this holding applies only where it is identity, not solely liability, that is in question. Since there is such a question of fact in the present case, the grant of summary judgment to appellee was error.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 24, 1988 —
REHEARING DENIED NOVEMBER 15, 1988 —

*John M. Beauchamp & Associates, Kermit S. Dorough, Jr.*, for appellant.

*Allen & Kelley, Roy B. Allen, Jr., Divine, Wilkin, Deriso, Raulerson & Fields, W. Douglas Divine*, for appellees.