A92A0307. DITCH v. ROYAL INDEMNITY COMPANY et al.
(422 SE2d 868)

Pope, Judge.

Plaintiff/appellant Michael T. Ditch filed a complaint for personal injury arising out of an automobile collision. Plaintiff alleged the collision was caused by the negligence of the driver of a tractor trailer truck and plaintiff named as defendants the common carrier trucking company for whom the driver worked and the company's insurer. Having learned that the defendant's driver claimed the collision was caused by a phantom vehicle, plaintiff also named as a defendant John Doe and served the complaint upon his uninsured motorist insurer. The complaint alleged that the collision was caused either by the negligence of the truck driver, the negligence of John Doe or the combined negligence of both. Instead of simply making both claims, however, in apparent anticipation of the truck driver's defense that the collision was caused by John Doe, the plaintiff made an unnecessary statement expressly denying the existence of John Doe. The complaint contained the following assertion: "Plaintiff denies that an unknown or uninsured motorist caused or contributed to the cause of said collision but, prophylactically, has nonetheless brought this claim against defendant John Doe so that in the event there should be a finding that John Doe caused or contributed to the cause of the collision, plaintiff's right of recovery against John Doe will have been preserved." The trial court granted summary judgment to John Doe and plaintiff's uninsured motorist insurer on both plaintiff's complaint and the cross-claim of the other defendants. Plaintiff appeals.

This court has previously ruled that the plaintiff in an automobile collision case may plead alternatively that the collision was caused by the negligence of a known defendant and a John Doe defendant. Smith v. Doe, 189 Ga. App. 264 (375 SE2d 477) (1988). The holding in Smith, however, does not save plaintiff's claim against John Doe in the case now before us because instead of merely pleading alternatively that a known and an unknown defendant caused the collision, the plaintiff expressly denied the collision was caused by the acts of defendant John Doe. An allegation made by a plaintiff in the complaint is an admission which "cannot be disputed" by the plain-

tiff. *Reynolds v. Estate of Reynolds*, 238 Ga. 1, 4 (230 SE2d 842) (1976). Where, as here, the admission contained in the pleading was never withdrawn, plaintiff was bound by the admission. See *Strozier v. Simmons U. S. A. Corp.*, 192 Ga. App. 601, 603 (385 SE2d 677) (1989); *Greene v. Gulf Oil Corp.*, 119 Ga. App. 87 (2) (166 SE2d 626) (1969).

The Civil Practice Act which permits alternative pleadings (OCGA § 9-11-8 (e)) does not change the rule of evidence that a party is bound by its judicial admissions (OCGA § 24-3-30). "The CPA did not wipe out or destroy the law in Georgia to the effect that a party to an action is bound by material allegations made in his pleadings . . . ." *Martin v. Pierce*, 140 Ga. App. 897, 898-899 (232 SE2d 170) (1977). The plaintiff here could easily have pleaded that both the known and unknown defendants were liable for his injuries without making the unnecessary admission denying the existence of John Doe. As Professor Green warned in Ga. Law of Evidence, § 238 (2d ed. 1982), a party should beware of the evidentiary effect of alternative pleadings.

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., and Andrews, J., concur. Carley, P. J., Beasley, Cooper and Johnson, JJ., dissent.*

CARLEY, Presiding Judge, dissenting.

As the majority correctly notes, the Civil Practice Act "did not wipe out or destroy the law in Georgia to the effect that a party to an action is bound by material allegations made in his pleadings. . . ." *Martin v. Pierce*, 140 Ga. App. 897, 898-899 (1) (232 SE2d 170) (1977). However, it is likewise clear that the Civil Practice Act mandates that "[a]ll pleadings shall be so construed as to do substantial justice." OCGA § 9-11-8 (f). In my opinion, the majority has misconstrued appellant-plaintiff's complaint so as to do substantial injustice. Accordingly, I must respectfully dissent.

The entirety of the allegation under consideration is as follows: "It is believed by [appellant] that [the named defendants] (and [their] servants, agents, and employees) intend to assert by way of defense that an unknown (and thus uninsured) motorist caused the collision or contributed to the cause of the collision which resulted in [appellant's] injuries. [Appellant] denies that an unknown or uninsured motorist caused or contributed to the cause of said collision but, prophylactically, has nonetheless brought this claim against [appellee] John Doe so that in the event there should be a finding that John Doe caused or contributed to the cause of the collision, [appellant's] rights of recovery against John Doe will have been preserved." Although this allegation is perhaps unartfully phrased, it is clear that appellant is merely pleading in anticipation of the named defendant's

*defense* and that he is merely expressing his *opinion* that that defense is without merit. The rule, relied upon by the majority, "has application to admissions of fact, and is not applicable where the admission is merely [an] opinion on the part of the party making it. . . ." *Clift & Goodrich, Inc. v. Mincey Mfg. Co.*, 41 Ga. App. 38, 39 (1) (152 SE 136) (1930). When construed so as to do substantial justice, the complaint evidences appellant's opinion that the named defendants' defense based upon the phantom driver is meritless, but also evidences his concession that a *question of fact* does remain as to that defense. If, as *a matter of fact*, the jury nevertheless disagrees with appellant's opinion and finds the named defendants' defense to be viable, appellant clearly seeks to recover against John Doe. Accordingly, appellant is merely pleading alternatively and asserts that he is either entitled to recover against the named defendants if the jury finds that their defense is meritless or he is entitled to recover against John Doe if the jury finds that the named defendants' defense is meritorious. Read in context, the allegation denying that John Doe caused or contributed to the collision relates solely to appellant's opinion as to the viability of the named defendants' defense, and has nothing whatsoever to do with the viability of appellant's recovery against John Doe. Even if appellant "subjectively believes [the named defendants are] responsible for [his] damages," he would still be entitled to maintain his action against John Doe. *Smith v. Doe*, 189 Ga. App. 264, 266 (3) (375 SE2d 477) (1988).

"The Civil Practice Act pleading requirements are to be construed liberally and in favor of the pleader, in furtherance of the 'basic premise' behind the Act — to substitute 'notice pleading' for 'issue pleading.' [Cits.] . . . ' "[P]leadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end." [Cit.] . . .' [Cit.]" *Tahamtan v. Dixie Ornamental Iron Co.*, 143 Ga. App. 561-562 (239 SE2d 217) (1977). Construing appellant's complaint according to the Civil Practice Act pleading requirements, he pleads alternatively that he has a viable claim against the named defendants or, if not, he has a viable claim against John Doe. See *Smith v. Doe*, supra. By construing appellant's complaint most strongly against him, the majority raises a barrier which prevents the achievement of a fair and just determination as to whether it is the named defendants or John Doe who will bear responsibility for appellant's injuries. The majority erroneously allows John Doe and appellant's uninsured motorist insurer to evade potential responsibility by construing appellant's mere subjective opinion as to the non-viability of the named defendants' defense as an irrevocable admission that no phantom driver existed as a matter of fact. Accordingly, I must respectively dissent.

I am authorized to state that Judge Beasley, Judge Cooper and Judge Johnson join in this dissent.

DECIDED JULY 31, 1992 —
RECONSIDERATION DENIED SEPTEMBER 14, 1992 — 

*Mark W. Crouch*, for appellant.

*Drew, Eckl & Farnham, Arthur H. Glaser, J. Robb Cruser, Fain, Major & Wiley, John K. Miles, Jr., Christopher E. Penna*, for appellees.