## A00A2567. FINCH v. DOE.
### (543 SE2d 105)

JOHNSON, Chief Judge.

On February 14, 1997, Kenneth Finch was driving his car southbound on Interstate 85, pulling a trailer that had been manufactured by his employer. Traffic became congested, and Finch had to stop his car behind a truck. In his rearview mirror, Finch saw that an approaching sport utility vehicle was not slowing quickly enough to stop, and he braced himself for a collision. The SUV crashed into the trailer, which then hit Finch's car. The impact pushed Finch's car into the truck in front of him.

The driver of the SUV pulled around Finch's car and left the accident scene. As the SUV drove away, Finch could not see its driver because the vehicle windows were tinted, but he did see that the vehicle was a black Chevrolet Blazer and that it had an out-of-state license tag. Finch noted that the tag was blue and white, and he wrote down the tag numbers and letters. A short time later, the police arrived at the accident scene.

Finch gave the vehicle and tag information to a police officer investigating the accident. The police later traced the tag to Michigan and discovered that the registered owner of the Blazer is named Eugene Hall, who lives in Detroit. The police sent several letters to Hall, but he did not respond to them. The police informed Finch of Hall's identity.

Finch filed the instant lawsuit for damages arising out of the accident against "John Doe." Finch served copies of the complaint on Allstate Insurance Company, his uninsured motorist carrier, and on Travelers Property Casualty, the uninsured motorist carrier for his employer.

Allstate and Travelers each moved for summary judgment on the

ground that Finch cannot maintain his "John Doe" action because he knows the identity of the hit and run driver. The trial court granted the motions. Finch appeals from the trial court's summary judgment rulings. Because there are genuine issues of material fact as to the identity of the driver of the vehicle that hit Finch, we hold that the trial court erred in granting summary judgment to the insurance companies.

Georgia's uninsured motorist statute provides: "A motor vehicle shall be deemed to be uninsured if the owner *or* operator of the motor vehicle is unknown."[1] The statute further states: "If *either the owner or operator* of any vehicle causing injury or damages is unknown, an action may be instituted against the unknown defendant as 'John Doe.' . . ."[2]

This statutory language anticipates a situation in which the owner and the operator of a motor vehicle are not the same person. And in such a situation, the language is plainly alternative in allowing a John Doe action if either the owner or operator is unknown. That is, in order to file a John Doe action, the party injured in the accident need not show that both the owner and the operator of the vehicle causing the injury are unknown; rather, the injured party must show only that one or the other is unknown. Thus, under the statute's alternative language, if the vehicle owner is unknown, but the vehicle operator is known, then a John Doe action may be filed against the unknown owner. And conversely, if the vehicle owner is known and the driver unknown, then a John Doe action may be filed against that unknown driver.

In the instant case, Finch knew before he filed his lawsuit that Hall is the registered owner of the SUV that hit him. But Finch did not see, and does not know, who was driving the vehicle at the time of the collision. While the hit and run driver might have been Hall, there is no evidence in the record identifying him, or anyone else, as the driver. Because the driver is unknown, Finch properly filed a John Doe action under the alternative language of the uninsured motorist statute.

This case is similar to, and controlled by, the case of *Smith v. Doe*.[3] In *Smith*, the identity of the owner of the car which hit the plaintiff was known, but the evidence was in conflict as to whether that owner was driving the car at the time of the collision.[4] The plaintiff filed a two-count complaint, naming John Doe as the tortfeasor in one count and naming the known owner as the tortfeasor in the other

---

[1] (Emphasis supplied.) OCGA § 33-7-11 (b) (2).
[2] (Emphasis supplied.) OCGA § 33-7-11 (d).
[3] 189 Ga. App. 264 (375 SE2d 477) (1988).
[4] Id. at 264-265.

count.[5] The plaintiff's uninsured motorist carrier moved for summary judgment on the ground that a John Doe action was improper because the tortfeasor was known. The trial court granted the motion.[6] But this court reversed that ruling because the conflicting evidence created genuine issues of material fact as to whether the driver was known,[7] and thus a John Doe action was proper and not subject to summary adjudication.[8]

Likewise, in the instant case, there are genuine issues of material fact as to whether Hall was the driver of the vehicle that collided with Finch's vehicle.[9] Because there are issues of fact as to the identity of the tortfeasor, the trial court erred in granting summary judgment to Allstate and Travelers on Finch's John Doe claim.[10] The trial court's erroneous summary judgment rulings are therefore reversed.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 29, 2000 —
RECONSIDERATION DENIED DECEMBER 13, 2000 — 

*Warshauer, Woodruff & Thomas, Michael J. Warshauer, Bradford W. Thomas,* for appellant.

*Shivers & Associates, Patricia Guilday, Arrington & Hollowell, Gary W. Diamond, Danielle F. Forte,* for appellee.

---

[5] Id. at 264.

[6] Id.

[7] Id. at 265 (1).

[8] Id. at 266 (3).

[9] Compare *Kannady v. State Farm &c. Ins. Co.*, 214 Ga. App. 492, 494-495 (3), (4) (448 SE2d 374) (1994) (John Doe action improper where both owner and operator of vehicle known).

