A91A0057. LITTLETON et al. v. OB-GYN ASSOCIATES OF ALBANY P.C. et al.

(403 SE2d 837)

ANDREWS, Judge.

This appeal is the result of remand to the trial court after *OB-GYN Assoc. v. Littleton*, 259 Ga. 663 (386 SE2d 146) (1989), which reversed *Littleton v. OB-GYN Assoc. of Albany*, 192 Ga. App. 634 (385 SE2d 743) (1989).

Mr. and Mrs. Littleton sued her obstetrician, his professional corporation and the hospital for alleged negligence in the delivery of their daughter, who died two days after her birth. In addition to a claim for the child's wrongful death, Mrs. Littleton sought damages for her own physical injuries, mental suffering and emotional distress she claims to have suffered during the delivery, as a result of alleged medical negligence. On remand the trial court granted partial summary judgment to the defendants on Mrs. Littleton's claim for her injuries because it found no evidence that she had suffered any physical injury as a result of the alleged negligence. The Littletons appeal from the grant of partial summary judgment.

In *Littleton v. OB-GYN Assoc. of Albany*, supra, we reversed the trial court's previous grant of partial summary judgment against the mother's claim for her injuries, and held that in addition to the wrongful death claim, the mother was entitled to pursue a separate claim for her own injuries suffered as a result of the medical negligence of appellees. The Supreme Court agreed that, "While Mrs. Littleton is not able to sue for emotional distress as part of her wrongful death action for the death of her daughter, she may bring a claim based on malpractice resulting in injuries to her person. This claim may include a claim for compensation for any emotional distress which is a consequential damage resulting from those injuries." *OB-*

*GYN Assoc. v. Littleton,* supra at 664. The Supreme Court clarified the impact rule in Georgia by holding that "the impact which will support a claim for damages for emotional distress must result in a physical injury." Id. at 666 (overruling the decision in *Christy Bros. Circus v. Turnage,* 38 Ga. App. 581 (144 SE 680) (1928)). Pursuant to the Supreme Court's reversal this court remanded the case to consider whether there was evidence that the mother suffered an actionable physical injury. *Littleton v. OB-GYN Assoc.,* 194 Ga. App. 787 (391 SE2d 806) (1990).

We now determine if the trial court correctly granted partial summary judgment to the defendants on the basis that Mrs. Littleton suffered no physical injuries. On remand the Littletons amended their complaint and filed supplemental answers to interrogatories, setting out the physical injuries claimed by Mrs. Littleton. We do not find that this subsequent detailing of the physical injuries constitutes testimony which intentionally contradicts statements previously given on this issue. The claim that Mrs. Littleton was also physically injured does not contradict previous assertions that she suffered mentally and emotionally. Accordingly, we find no merit in defendants' argument that the claim of physical injury should be disregarded as self-contradictory. *Prophecy Corp. v. Charles Rossignol, Inc.,* 256 Ga. 27 (343 SE2d 680) (1986); *Combs v. Adair Mortgage Co.,* 245 Ga. 296 (264 SE2d 226) (1980).

The evidence, viewed in favor of the Littletons as opponents to summary judgment, shows that during the delivery process the defendants negligently failed to diagnose and react appropriately to signs of fetal distress. Prior to delivery Mrs. Littleton was administered a powerful drug, Pitocin, which increased the frequency and strength of her contractions to induce labor. Mrs. Littleton continued for about three hours under the influence of Pitocin prior to the vaginal delivery of her daughter. The Littletons' medical expert testified that, considering the signs of fetal distress, these procedures were below acceptable standards of medical care; that the administration of Pitocin should have been discontinued, and the baby should have been delivered as quickly as possible by Caesarian section rather than by vaginal delivery.

Nevertheless, defendants contend that Mrs. Littleton suffered no physical injury as a result of their alleged negligence since the medical procedures employed, including the administration of Pitocin, and the physical pain she endured, were no more than might be expected by any mother during vaginal child delivery. This argument overlooks the fact that the professional negligence alleged is not that the medical procedures used were improperly performed, but that they were inappropriate under the circumstances. Professional medical negligence may consist of negligent diagnosis resulting in properly per-

formed but inappropriate treatment, as well as a lack of skill or care in applying appropriate treatment. *Norton v. Hamilton*, 92 Ga. App. 727, 731 (89 SE2d 809) (1955). Nor is the lack of any permanent injury to Mrs. Littleton a bar to recovery since an injury resulting from such negligence need not be permanent in order to justify the award of damages. *Sam Finley, Inc. v. Russell*, 75 Ga. App. 112, 117 (42 SE2d 452) (1947). The argument that Mrs. Littleton would have endured similar physical pain and suffering in any childbirth procedure, or that a Caesarian section would have been more physically invasive or more painful, does not destroy evidence of a causal connection between the defendants' alleged negligence and the evidence of physical pain and suffering endured by Mrs. Littleton during the allegedly inappropriate medical procedures. See *Beatty v. Morgan*, 170 Ga. App. 661, 664 (317 SE2d 662) (1984).

Defendants further claim there is no expert testimony that the alleged medical negligence proximately caused an injury to Mrs. Littleton. The Littletons' expert stated that the administration of Pitocin intensified the strength and frequency of Mrs. Littleton's contractions in preparation for the vaginal delivery, and that the use of these procedures deviated below acceptable standards of medical care. Except in plain and undisputed cases, it is within the province of the finder of fact to consider whether the negligence caused the injury. *Horney v. Lawrence*, 189 Ga. App. 376, 377-378 (375 SE2d 629) (1988). There was sufficient expert evidence from which a jury could reasonably find that the alleged medical negligence caused physical injury to Mrs. Littleton. Id. at 378. Evidence that Mrs. Littleton endured these painful procedures, which, if they were below acceptable standards of medical care, could not be considered part of a normal delivery, is sufficient to create a genuine issue of fact as to whether she suffered a physical injury as a result of the alleged negligence.[1] See *Coughlin v. George Washington Univ. Health Plan*, 565 A2d 67 (D.C. App. 1989). The trial court erred by granting partial summary judgment in favor of defendants.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 25, 1991 —
REHEARING DENIED MARCH 12, 1991 —

---

[1] We emphasize that any potential award of damages to Mrs. Littleton in the malpractice claim for her injuries is limited to compensation for any physical injury she suffered as a result of the alleged negligence, and any mental suffering or emotional distress she incurred as a consequence of her physical injuries. Any mental suffering or emotional distress she suffered as a result of injuries to her child is not compensable in this claim.

*William S. Stone*, for appellants.

*Watson, Spence, Lowe & Chambless, G. Stuart Watson, Dawn G. Benson, Langley & Lee, C. Richard Langley*, for appellees.