S91G0906. OB-GYN ASSOCIATES OF ALBANY v. LITTLETON.
(410 SE2d 121)

WELTNER, Justice.

The Littletons brought an action against the physician and hospital for the allegedly negligent delivery of their child, who died two days after birth. The trial court granted partial summary judgment to the physician and hospital on a claim for the mother's suffering and emotional distress. In *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663 (386 SE2d 146) (1989), we held that recovery for emotional distress is not available in a wrongful death action. We stated:

> While Mrs. Littleton is not able to sue for emotional distress as part of her wrongful death action for the death of her daughter, she may bring a claim based on malpractice resulting in injuries to her person. This claim may include a claim for compensation for any emotional distress which is a consequential damage resulting from those injuries. [259 Ga. at 663-664.]

We remanded the case to the trial court for a hearing to determine whether Littleton suffered a physical injury as a result of any negligence of the hospital or the physician.[1] The trial court found no evidence that she had suffered an "actionable physical injury," and granted summary judgment against Littleton. The Court of Appeals reversed, *Littleton v. OB-GYN Assoc. of Albany*, 199 Ga. App. 44 (403 SE2d 837) (1991), and we granted certiorari.

We affirm the Court of Appeals, and invite particular attention to footnote 1, which clearly and correctly states the rule:

> We emphasize that any potential award of damages to Mrs. Littleton in the malpractice claim for her injuries is limited to compensation for any physical injury she suffered as a result of the alleged negligence, and any mental suffering or emotional distress she incurred as a consequence of her physical injuries. Any mental suffering or emotional distress she suffered as a result of injuries to her child is not compensable in this claim. [199 Ga. App. at 46, note 1.]

*Judgment affirmed. All the Justices concur.*

---

[1] The physical injuries that Littleton now alleges are: an intravenous infusion of pitocin, prolonged labor, a vaginal delivery, an episiotomy, and an intermuscular injection of valium. We note that the negligence to which the expert testified was a failure to perform a Caesarian section. Hence, the resulting vaginal delivery, accompanied by prolonged and painful labor, can be considered as "injury" *only* if this failure was negligent.

Decided November 7, 1991.

Watson, Spence, Lowe & Chambless, G. Stuart Watson, Dawn G. Benson, for appellant.
William S. Stone, for appellee.