S91G1508. DeKALB COUNTY et al. v. WIDEMAN.
(416 SE2d 498)

HUNT, Justice.

We granted the petition for writ of certiorari to the Court of Appeals in *Wideman v. DeKalb County,* 200 Ga. App. 624 (409 SE2d 537) (1991), to determine whether the trial court properly excluded evidence relating to the miscarriage and death of Mrs. Wideman's baby in her suit for negligence, intentional infliction of emotional distress, and false imprisonment. We hold the trial court correctly followed *Ob-Gyn Assoc. v. Littleton,* 259 Ga. 663 (386 SE2d 146) (1989), in excluding that evidence, and so reverse the Court of Appeals which held to the contrary.

The facts, many of which are in dispute, are more fully set out in the Court of Appeals opinion. Essentially, Mrs. Wideman claims damages as a result of the conduct of county emergency medical technicians who responded to her call for an ambulance. The EMTs initially took Mrs. Wideman, who was 19 weeks pregnant and experiencing signs of premature labor, to Shallowford Hospital, which was closer than Piedmont Hospital where she had requested she be taken. After the emergency room physician on duty examined Mrs. Wideman, the EMTs took her on to Piedmont Hospital, where she suffered a miscarriage. Mrs. Wideman claimed the EMTs took her to Shallowford Hospital against her will, that there was no emergency justifying their refusal to take her to Piedmont Hospital right away, and that the EMTs were uncaring and unfeeling toward her during the ambulance ride.

The trial court excluded evidence regarding the death of the baby. Mrs. Wideman

> made an offer of proof showing that she had a miscarriage, that the baby lived for four hours, that she saw the baby, that there was a medical possibility that the delivery could have been prevented had she arrived at Piedmont earlier, and that these events exacerbated her emotional distress.

200 Ga. App. at 629-630. She argued the evidence was admissible to establish the relevant sequence of events, and to show that she suf-

fered emotional distress as a result of her extreme frustration at being delayed by the defendants and the consequent loss of the possibility that the baby could have been saved.

Mrs. Wideman's wrongful death claim was eliminated from the case due to governmental immunity. For that reason and because our decision in *Littleton*, supra, precluded any claim by Mrs. Wideman for her emotional distress based on the alleged wrongful death, the trial court held that evidence of her miscarriage and the baby's death was irrelevant, potentially confusing, and, therefore, inadmissible. The Court of Appeals reversed, holding the evidence *was* relevant because Mrs. Wideman claimed her emotional distress following the miscarriage and the baby's death resulted from the defendant's actions directed against *her*, not from any tortious acts against the baby.

*Littleton* involved a claim by the mother for her own emotional distress resulting from the death of her child, who was delivered, but later died, allegedly due to medical negligence. As noted by the Court of Appeals, in *Littleton*, we held the mother could not recover for her mental distress over the suffering and death of the baby, 259 Ga. at 667-668, although she could claim damages for emotional distress resulting from either negligent conduct causing a personal injury to her,[1] or malicious or wilfully tortious conduct directed against her. We agree with the trial court that the proffered evidence pertains to a claim for wrongful death, and is not admissible on Mrs. Wideman's claim for emotional distress. Nor should this evidence be admitted to show the sequence of events that transpired. Even assuming relevance under the broad standards defining that term, the evidence is far too prejudicial for the cautionary instruction suggested by the Court of Appeals — that the jury not consider any emotional distress resulting from the baby's death — to be effective.

Accordingly, Division 3 of the Court of Appeals opinion is reversed. We do not consider the remaining divisions, which, therefore, are unaffected by this opinion.

*Judgment affirmed in part, reversed in part. All the Justices concur.*

DECIDED MAY 21, 1992.

*Greene, Buckley, Jones & McQueen, John D. Jones, J. Russell Phillips,* for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland,*

---

[1] There is no indication that this element is present here. Compare *Littleton* at 668.

*Wayne D. McGrew III, Davis & Sissel, Kenneth M. Sissel,* for appellee.