A96A2383. CANDLER HOSPITAL, INC. v. CARTER et al.
(480 SE2d 876)

JOHNSON, Judge.

Mary Ann and Jerome Carter, on behalf of themselves and their daughter, Mary Catherine Carter, filed a medical malpractice action against Philip Flexon, M.D., Ear, Nose & Throat Associates of Savannah ("ENT Associates"), and Candler Hospital, Inc., for injuries Mary Catherine Carter allegedly received as a result of surgery performed by Dr. Flexon. Candler Hospital moved to dismiss the action filed against it, claiming that the experts' affidavits filed with the complaint did not comply with the requirements of OCGA § 9-11-9.1 (a), in that they failed to set forth a specific act of negligence claimed to exist as to the hospital or the factual basis for the claim against the hospital. The trial court denied the motion, and we granted Candler Hospital's application for interlocutory review.

We note at the outset that the appellees filed no responsive brief in this case. As a consequence, they are deemed to admit the statement of facts as set out by Candler Hospital. See *Montford v. State*,

164 Ga. App. 627, 628 (298 SE2d 319) (1982).

OCGA § 9-11-9.1 (a) provides that: "In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit *shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.*" (Emphasis supplied.) "In accordance with the legislative purpose of reducing the number of frivolous malpractice suits, we construe OCGA § 9-11-9.1 as requiring a plaintiff in a malpractice suit to submit a valid affidavit by an expert . . . against each professional defendant named in the complaint, in which *is set forth specifically at least one negligent act or omission claimed to exist as to each professional defendant . . . and the factual basis for the claim against each defendant.*" (Emphasis supplied.) *HCA Health Svcs. &c. v. Hampshire*, 206 Ga. App. 108, 109-110 (1) (424 SE2d 293) (1992).

The affidavits in the instant case state that Dr. Flexon performed sinus surgery on Mary Catherine Carter, that a hole in her cribriform plate (located in the area of the surgery) "could only have been" created during surgery and should not have occurred "but for the negligence of Dr. Flexon," and that Dr. Flexon "breached the standard of care generally employed by members of the medical profession" during the performance of the surgery. The only references to Candler Hospital in the affidavits are: (1) a conclusory statement that "Dr. Flexon, [ENT Associates], and Candler Hospital, Inc., . . . departed from good and accepted medical care through the creation of a hole in the cribriform plate"; and (2) a statement that the nature of the hospital's negligence could not be determined at that time. The affidavits do not specify any negligent act or omission by the agents or employees of Candler Hospital. Nor do they specify any facts upon which the malpractice claim against Candler Hospital is based. In fact, the affidavits do not even state that Candler Hospital's agents or employees were involved in the surgery. The affidavits do not meet the requirements of the statute with regard to any malpractice claims against Candler Hospital.

A malpractice plaintiff's failure to comply with the requirements of OCGA § 9-11-9.1 subjects the complaint to dismissal for failure to state a claim. OCGA § 9-11-9.1 (e). This Court is not permitted to ignore the requirements of the statute. See *Johnson v. Brueckner*, 216 Ga. App. 52, 53 (1) (453 SE2d 76) (1995). We point out that "[t]o construe the statute in the manner proposed by the trial court would defeat the purpose of the statute by authorizing the naming of professionals as defendants in malpractice suits in which a plaintiff can set forth no one negligent act or omission attributable to that defendant, thus sanctioning the filing of frivolous malpractice suits against professional defendants who are only tangentially related to the

legitimate malpractice claim brought against another defendant." *HCA Health Svcs. &c.*, supra at 110 (1). The trial court erred in finding that the affidavits were sufficient under OCGA § 9-11-9.1 as to Candler Hospital and in denying its motion to dismiss. See *Edwards v. Vanstrom*, 206 Ga. App. 21, 22 (1) (424 SE2d 326) (1992). Compare *Crook v. Funk*, 214 Ga. App. 213, 214 (1) (447 SE2d 60) (1994); *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992).

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 30, 1997.

*Brennan & Wasden, Wiley A. Wasden III, James V. Painter*, for appellant.

*Savage & Turner, Brent J. Savage*, for appellees.