A97A0324. GOINS et al. v. TUCKER et al.
A97A0325. SOUTHSIDE HEALTHCARE, INC. v. GOINS et al.
(489 SE2d 857)

MCMURRAY, Presiding Judge.

Plaintiff Goins filed this negligence and wrongful death action arising from the stillbirth of her child. The defendants include individual physicians Tucker, Narain, and Overstreet, along with corporate defendants Georgia Baptist Health Care System ("Georgia Baptist") and Southside Healthcare, Inc. In Case No. A97A0324, plaintiff appeals the grant of partial summary judgment to defendants Tucker and Southside Healthcare, Inc. ("Southside"), as well as the grant of a motion to dismiss plaintiff's claims against Georgia Baptist for failure to state a claim. In Case No. A97A0325, defendant Southside cross-appeals from the denial of its motion for summary judgment. *Held*:

1. Based on a conclusion that the OCGA § 9-11-9.1 affidavit filed

with the complaint did not attribute any negligent act to the nursing staff of Georgia Baptist, the superior court granted a motion to dismiss plaintiff's claim against this defendant, contained in Count 4 of the complaint; for failure to state a claim upon which relief could be granted. We agree that the affidavit submitted in the case sub judice does not satisfy the statutory mandate with regard to Georgia Baptist.

Of the twelve substantive paragraphs of the affidavit, the first three identify the affiant and state his qualifications. The fourth paragraph lists the medical records reviewed by the affiant. The following six paragraphs are devoted in pairs to the three defendant physicians, each of whom the affiant concludes was negligent and failed to exercise the degree of care generally employed by medical professionals in the field of obstetrics and gynecology under similar conditions and like circumstances for reasons that are stated for each defendant physician.

The remaining paragraphs state:

"11. The parameters of the acceptable standard of medical care that pertains to this instance would dictate that the following apply: a) That available diagnostic techniques be utilized to establish a proper and definitive diagnosis. b) That there be adequate supervision of the personnel administering the care and treatment to mother and child. c) That the diagnosis of fetal distress and abruptio placenta have been timely made and appropriately treated. d) That signs and symptoms of an abruptio placenta be timely attended to.

"12. This affidavit is given pursuant to O.C.G.A. § 9-11-9.1 and is intended to set forth at least one negligent act or omission concerning the care and treatment provided to Bonnifer M. Goins and her child by the named defendants. It is not intended to set forth all acts or omissions amounting to deviations from the acceptable standards of medical care and the opinions expressed herein are subject to modification as discovery progresses and other relevant facts become known."

Plaintiff seeks a liberal construction of the affidavit stressing that it must be read in conjunction with the complaint. *Gadd v. Wilson & Co.*, 262 Ga. 234, 236 (416 SE2d 285) (Hunt, J., concurring specially). See also *Howard v. City of Columbus*, 219 Ga. App. 569 (466 SE2d 51); *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102).

However, reference to Georgia Baptist appears on the document only because the caption of the case precedes the affidavit. The body of the affidavit contains no reference to Georgia Baptist or its staff. Even in the *Howard* case the alleged negligent acts were broadly attributed to the staff of the jail's health clinic. When examining the affidavit as a whole, the eleventh paragraph is clearly only a summation of the negligent acts attributed to the defendant physicians in

the preceding six paragraphs. The expression of intent in the twelfth paragraph cannot serve to remedy a failure to attribute any act of negligence to a party. The affidavit does not meet the requirements of the statute with regard to defendant Georgia Baptist, and this failure subjects Count 4 of the complaint to dismissal for failure to state a claim. *Candler Hosp. v. Carter*, 224 Ga. App. 425 (480 SE2d 876).

2. Via Count 1 of her complaint, plaintiff seeks to recover from defendant Tucker for her alleged mental and physical pain and suffering. "Any mental suffering or emotional distress [plaintiff] suffered as a result of injuries to her child is not compensable in this claim." *Littleton v. OB-GYN Assoc. &c.*, 199 Ga. App. 44, 46, fn. 1 (403 SE2d 837), aff'd, *OB-GYN Assoc. &c. v. Littleton*, 261 Ga. 664 (410 SE2d 121). Defendant Tucker's motion for summary judgment as to these allegations was predicated on a lack of evidence that he had caused any physical injury to plaintiff. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). Plaintiff responded with her affidavit which stated that she suffered physical injuries on September 28, 1992, when she was given an intravenous infusion of Pitocin, when she suffered a vaginal delivery of her child, when she was given an episiotomy, and when she suffered a prolonged, painful labor. While plaintiff was admitted to the hospital and attended by other physicians in the absence of defendant Tucker, there is evidence that this coverage ended at 8:00 a.m. on September 28, 1992, and that from this point in time it was defendant Tucker's responsibility to acquire knowledge of plaintiff's presence in the hospital and medical situation. In fact, defendant Tucker spent the morning in question seeing patients and was not informed of plaintiff's presence in the hospital until past noon, after plaintiff's child had expired. Under the evidence elicited from plaintiff's expert, at the time responsibility for plaintiff's care reverted to defendant Tucker, it would have been proper to induce labor for the purpose of obtaining a vaginal delivery. But labor was not induced at that time, and the medical circumstances evolved so that later in the morning a Caesarean delivery should have been performed. Since plaintiff has presented proof that the negligent failure of defendant Tucker to perform a Caesarean delivery was the cause of her physical injuries, the present case appears indistinguishable from *Littleton v. OB-GYN Assoc. &c.*, 199 Ga. App. 44, supra.

The superior court granted defendant Tucker's motion for summary judgment based upon an erroneous application of the rule from *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680), that unexplained contradictory testimony must be construed against the party providing it. While plaintiff's affidavit contained additional information concerning her injuries the affidavit did not contradict her earlier interrogatory answers. *Littleton v. OB-GYN Assoc. &c.*,

199 Ga. App. 44, 46, supra. Additionally, plaintiff's testimony did not constitute the only evidence of her injuries since such were documented in her medical records. See *Assoc. Hosts of Ga. v. Marley*, 184 Ga. App. 352 (1), 353 (361 SE2d 496).

It follows that the superior court's grant of partial summary judgment in favor of defendant Tucker on Count 1 of plaintiff's complaint must be reversed. Additionally, the grant of a partial summary judgment as to Count 1 of plaintiff's complaint in favor of defendant Southside, which is allegedly liable for the negligence of defendant Tucker under the doctrine of respondeat superior, must also be reversed.

3. The superior court also erred in granting in part the motion for summary judgment of defendant Southside by finding that if defendant Tucker was determined to be an independent contractor, he was not an apparent agent of defendant Southside Healthcare, Inc. In *Abdul-Majeed v. Emory Univ. Hosp.*, 213 Ga. App. 421, 422 (1) (445 SE2d 270), this Court held that by furnishing an attending physician, a hospital is in effect holding him out as its own and calling upon the patient to accept his services based on its own reputation rather than the physician's so that if the hospital supplied the physician without explicitly informing the patient that the doctor was not its employee the circumstances would be sufficient to support a finding that the hospital held out the doctor as its agent. Defendant Southside Healthcare, Inc., a non-profit community health center, if not a hospital might be viewed as such in many communities since it provided "not only primary health care but specialty care, ancillary type care, lab, pharmacy, x-ray, . . . dentistry, [and] optometry." In any event it is not suggested that the reasoning of this case is inapplicable to this defendant which is also described as a "clinic." It is also uncontroverted that defendant Southside did not explicitly inform plaintiff that defendant Tucker was not its employee.

Plaintiff went to Southside on the recommendation of a girl friend to receive prenatal care for an earlier pregnancy. Plaintiff did not have a doctor, and she was provided with defendant Tucker. During her second pregnancy which is at issue in this case, plaintiff went back to defendant Southside Healthcare, Inc. and subsequently requested defendant Tucker. On September 25, 1992, plaintiff, seeking treatment, went to defendant Southside which admitted her to the hospital operated by Georgia Baptist under Tucker's name. The superior court concluded that *Abdul-Majeed v. Emory Univ. Hosp.*, 213 Ga. App. 421, supra, is not controlling since plaintiff picked defendant Tucker based on her experience with him during the first pregnancy, that is, relied on her personal knowledge of him rather than any representation on the part of Southside. However, there is no evidence sufficient to compel a conclusion that plaintiff chose

Tucker to be her doctor independent of his affiliation with defendant Southside. When plaintiff chose to return to Southside, she saw a different physician for the initial visit and did not have any initial agreement concerning who would deliver her baby. There is ample evidence authorizing a jury to conclude that defendant Southside held out Tucker as its agent and that plaintiff continued to rely on this representation through her second pregnancy.

4. In Case No. A97A0325, the sole enumeration of error submitted by defendant Southside contends that the superior court erred in finding that an issue of material fact existed with respect to whether Tucker was an independent contractor or its employee, thereby denying its motion for summary judgment with respect to this issue. In this regard, we note that the labels ascribed by the contract between defendant Southside and Tucker are not determinative of their legal relationship. *Gray v. John R. Vaughn, M.D., P.C.*, 217 Ga. App. 872, 874 (2) (460 SE2d 86).

In *Brown v. Coastal Emergency Svcs.*, 181 Ga. App. 893, 895 (2) (354 SE2d 632), this Court acknowledged the traditional "time, manner, and method" test used to determine the nature of relationships between hospitals and physicians, but also noted various anomalies apparent in the cases involving the application of this test. Therefore, it is not surprising that we endeavor to better define the factors which are considered in making these determinations. In that vein, *Lee v. Satilla Health Svcs.*, 220 Ga. App. 885, 886 (1) (470 SE2d 461), acknowledged federal cases articulating "several factors which were frequently considered by the Georgia courts in making that determination." Id. at 886 (1).

Factors in Tucker's relationship with defendant Southside which suggest an employer-employee relationship include Southside's contribution to Tucker's medical malpractice insurance. *Allrid v. Emory Univ.*, 249 Ga. 35, 40 (285 SE2d 521). Additional factors include that Tucker contracted to perform services rather than only to accomplish tasks, that defendant Southside provided the equipment with which Tucker performed his job, and the method of payment in that Tucker was paid by the hour. Furthermore, a provision in Tucker's contract that he must "[p]erform related work as required and other duties assigned by the Health Services Director" raises at least a jury issue as to Southside's "right to make additional plans and specifications; to impose its will in lieu of the contract's provisions; and to direct the employee's work step by step." *Lee v. Satilla Health Svcs.*, 220 Ga. App. 885, 886 (1), supra.

Other factors suggest that Tucker was an independent contractor. These include the absence of any right for Southside to inspect Tucker's work, the highly skilled nature of the work involved, and the absence of control by Southside over Tucker's time. Id. at 886 (1).

Since the foregoing does not conclusively establish whether Tucker was an employee or independent contractor, summary judgment was not appropriate. Therefore, we affirm the judgment in the cross-appeal.

*Judgment affirmed in Case No. A97A0325. Judgment affirmed in part and reversed in part in Case No. A97A0324. Senior Appellate Judge Harold R. Banke concurs. Smith, J., concurs in the judgments only.*

## ON MOTION FOR RECONSIDERATION.

Plaintiff's first enumeration of error contends that: "The trial court erred in ruling that in the [OCGA §] 9-11-9.1 affidavit filed with the complaint, Plaintiff Bonnifer Goins failed to attribute any specific act of negligence to the nursing staff of Defendant Georgia Baptist Healthcare System, thereby granting Defendant Georgia Baptist Healthcare System's Motion to Dismiss Count IV of the Complaint for Failure to State a Claim." The argument in support of this enumeration of error contained in plaintiff's brief to this Court is limited to maintaining that the affidavit filed with the complaint is sufficient to link defendant Georgia Baptist to an act of negligence. We rejected this argument in Division 1 of the opinion.

Following the filing of plaintiff's enumerations of error and brief, this Court decided the case of *Washington v. Ga. Baptist Med. Center*, 223 Ga. App. 762 (478 SE2d 892), which plaintiff cited at oral argument and thereafter by letter brief, along with *Hewitt v. Kalish*, 264 Ga. 183 (442 SE2d 233), as authority that the affidavit filed with the complaint was amended by a second affidavit of plaintiff's expert which cured any insufficiency of the original affidavit. The motion for reconsideration expresses concern that the opinion is silent as to the effect of these cases.

*Washington* and *Hewitt* were not cited in the opinion because they have no relevance to the issues raised by plaintiff's enumeration of error. Whether reading the enumeration alone or as explained by the argument contained in the supporting brief, the issues raised and argued relate only to the sufficiency of the affidavit filed with the complaint. Plaintiff's enumerations of error fail to present the issue now argued by plaintiff, whether an insufficient original affidavit has been cured by a second affidavit. An enumeration of error may not be enlarged at the appellate level to include issues not originally submitted, and matters not enumerated as error may not be considered on appeal. *Moreland Auto Stop v. TSC Leasing Corp.*, 216 Ga. App. 438, 441 (3) (454 SE2d 626); *Brantley v. Edwards*, 197 Ga. App. 713, 714 (3) (399 SE2d 215); *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 277 (1) (390 SE2d 269); *Roth v. McDaniel Enterprises*, 192 Ga. App. 16, 18 (2) (383 SE2d 569).

*Plaintiff's motion for reconsideration is denied.*

DECIDED JULY 3, 1997 —
RECONSIDERATION DENIED JULY 24, 1997 — 

*Ellerin & Associates, Irwin M. Ellerin, Mia I. Frieder, DeLong, Caldwell & Wisebram, Steven R. Wisebram,* for Goins et al.

*Love & Willingham, Kimberly L. Woodland,* for Tucker.

*Duvall, McCumber & Doverspike, Michael G. Frick,* for Georgia Baptist Health Care System.

*Schnader, Harrison, Segal & Lewis, James M. Hunter, Mary A. Hall, Timothy H. Kratz,* for Southside Healthcare, Inc.