### A98A1397. THOMAS v. CARTER et al.
(506 SE2d 377)

BLACKBURN, Judge.

Katina Thomas appeals the trial court's grant of partial summary judgment to uninsured motorist carrier State Farm, based on its argument that Thomas was not entitled to recover for mental distress suffered as a result of the death of her fetus in an automobile collision. We reverse the trial court's ruling.

On October 18, 1995, Katina Thomas, who was seven months

---

pregnant, was injured when her automobile collided with another being driven by Jude Carter. The next day, Thomas' doctor determined that her fetus had died, and Thomas was subsequently required to have labor induced to deliver the deceased child.

Thomas sued Carter to recover for her injuries, including pain and suffering. Thomas' uninsured motorist carrier, State Farm, filed an answer in its own name pursuant to OCGA § 33-7-11. In discovery, Thomas acknowledged that she was seeking damages for the emotional trauma she suffered as a result of the death of her unborn child, caused by the negligence of the tortfeasor. State Farm then filed a motion for partial summary judgment, arguing that Thomas was not entitled to recover for mental distress suffered as a result of the death of her unborn child. The trial court granted this motion, and Thomas appeals.

The arguments in State Farm's brief which were relied upon by the trial court do not accurately reflect the law applicable to this case. State Farm purports to quote the holding of our Supreme Court in the second appeal in *Augusta &c. R. Co. v. Randall*, 85 Ga. 297 (11 SE 706) (1890) when, in fact, it is quoting a portion of the defendant's motion for new trial: "[T]he [lower] court charged that 'any pain and suffering or sorrow resulting from the miscarriage the law says is an element of damages.' *Error, because pain and suffering are confounded with sorrow, and because sorrow for the loss of a child by miscarriage is not an element of damages.*" (Emphasis supplied.) What the Supreme Court actually said in addressing defendant's motion was: "We would suggest that the word 'sorrow' be omitted from the charge of the court on the next trial. It is most too remote to be considered an element of damage, *unless it is that sorrow which accompanies the actual injury and is suffered at the time of the miscarriage.* The loss of a child by a miscarriage would affect women so differently that it would be hard for *men,* sitting as jurors, to estimate it as an element of damage; and we therefore think it would be better to omit, *in the future,* any instruction to the jury upon the question of sorrow as an element of damage. Pain and suffering give a wide latitude to juries, and there are very few complaints made of the smallness of the amounts found by juries upon these two elements of damage." (Emphasis supplied.) *Randall,* supra at 322 (9).

In *Randall,* the Supreme Court granted a new trial on a separate, unrelated enumeration of error based on plaintiff's counsel's response to the improper remarks of defense counsel. As to the Supreme Court's comments concerning women being affected very differently from men where miscarriage is involved, this consideration may have been relevant to that Court's analysis, as women did not sit as jurors in Georgia in 1890. So, even assuming that gender perspective was a proper consideration in 1890, it would certainly not

be appropriate in 1998. In any event, the trial court's damages charge was not the basis for the Supreme Court's reversal of the jury verdict and the granting of a new trial. Neither does *Randall* represent the unchanged law of Georgia for over 100 years, as represented to the trial court.

In *Smith v. Overby*, 30 Ga. 241 (1860), a mother sued her doctor for malpractice in connection with the delivery of her child. The mother sought to recover damages "not only for the bodily pain and injury inflicted upon the mother, but also for the mental sufferings occasioned, as it is alleged, by the unnecessary destruction of the life of the child." Id. at 245. Following a jury verdict for the defendant, the Supreme Court held that the trial court erred in charging the jury on damages, noting that "the mind of the jury is nowhere called to the anguish of maternal feeling produced by the destruction of the child." Id.

In *Southern R. Co. v. Jackson*, 146 Ga. 243 (91 SE 28) (1916), our Supreme Court affirmed that a mother could recover for mental pain and suffering related to injury to her child, when she herself is also a physical victim of the tort, but not otherwise.

As Judge Beasley, citing to *Jackson*, supra, stated in her special concurrence in *Littleton v. OB-GYN Assoc. of Albany, P.C.*, 192 Ga. App. 634, 636 (385 SE2d 743) (1989) (*Littleton I*), "Georgia long ago recognized that a mother could recover for mental pain and suffering (nervous shock, fright) related to injury to her child when she herself is also a physical victim of the tort."

Judge Beasley's special concurrence was cited with approval by our Supreme Court in *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 668 (386 SE2d 146) (1989) (*Littleton II*), "[w]e are in agreement with Judge Beasley's reasoning in her concurring opinion in this case. As she points out, Mrs. Littleton may claim damages for emotional distress in connection with the alleged malpractice of defendants which resulted in injury to herself. The order granting the motion for partial summary judgment in regard to Mrs. Littleton's claim for damages for emotional distress in count 4 contains no findings of fact. We are therefore uncertain as to whether the trial judge considered the presence or absence of material facts which would show an injury to Mrs. Littleton, as distinguished from injury to the infant. *The presence of such injury could support a claim for emotional distress under Georgia law*. We therefore remand this case for a hearing in the trial court to determine whether Mrs. Littleton suffered a physical injury as a result of negligence of defendants." (Emphasis supplied.)

State Farm contends that the *Littleton* decisions establish that a mother in a negligence case may not recover for emotional distress associated with the death of her unborn child. This is not true, how-

ever, where the mother is also injured by the same force which injures the fetus. The *Littleton* cases involved a full-term baby that was born alive and died two days later. Id. The Supreme Court was careful to note that, in delivery room situations involving a full-term baby, the mother and child are considered separate individuals, and an injury to one is not *necessarily* an injury to the other. The alleged negligence of the physicians in *Littleton* was their failure to diagnose and react appropriately to signs of fetal distress. *Littleton v. OB-GYN Assoc. of Albany, P.C.*, 199 Ga. App. 44, 45 (403 SE2d 837) (1991) (*Littleton III*). The physical injuries allegedly suffered by the mother consisted of the administration of medication, prolonged labor, a vaginal delivery, and an episiotomy. *OB-GYN Assoc. of Albany v. Littleton*, 261 Ga. 664 (410 SE2d 121) (1991) (*Littleton IV*). Although the alleged negligence of the physicians may have contributed to the death of the child, the particular injuries to the mother were not themselves the proximate cause of the child's death. In such a situation, where the physical injuries to the mother are separate from the injuries to the child, it is appropriate that the mother not be able to recover for her emotional distress resulting from injuries to the child. State Farm also relies on *DeKalb County v. Wideman*, 262 Ga. 210 (416 SE2d 498) (1992), which also dealt with a live birth and subsequent death of the child. *Wideman* did not involve a situation where the mother and child were injured by the same force as is the case here. The issues therein were inapposite, and *Littleton* was properly applied to the facts therein.

In the present case, however, the injuries to the mother cannot be separated from the injuries which resulted in the death of the fetus. Unlike *Littleton*, this case does not involve a delivery room situation or a full-term birth. At the time of the accident, Thomas' fetus was seven months old. An autopsy on the child indicated that the death was most likely caused by trauma to the placenta disrupting the blood flow between the mother and the child. The injury to both the mother and the fetus was caused by the direct force to the mother in the automobile collision which resulted in the in utero death of the fetus. The trauma to the placenta is an injury to the mother, not to the child. It was this injury to the mother, and not any separate injury to the fetus, that caused the death of the fetus. Thus, unlike *Littleton*, the death of the child was the direct result of an injury to the mother.

In *Littleton*, the Supreme Court recognized that a plaintiff could bring an action for negligence " 'resulting in injuries to her person. This claim may include a claim for compensation for any emotional distress which is a consequential damage resulting from those injuries.' " *Littleton IV*, supra at 664. In this case, any emotional distress suffered by Thomas due to the death of her unborn child was a conse-

quential damage resulting directly from injuries to Thomas herself.

The general rule concerning recovery for mental distress is that "[w]here there is a physical injury or pecuniary loss, compensatory damages include recovery for accompanying 'mental pain and suffering' even though the tortious conduct complained of is merely negligent." *Westview Cemetery v. Blanchard*, 234 Ga. 540, 543 (216 SE2d 776) (1975). "In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury. *OB-GYN Assoc. v. Littleton*, 259 Ga. 663 [*Littleton II*]." *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992).

For completeness, the history of the *Littleton* cases is included as follows: In *Littleton I*, a mother sued her doctor for malpractice in connection with the delivery of her baby, which died two days after delivery. Relying on *Overby*, we reversed the trial court's grant of partial summary judgment to the defendant, holding that the mother was entitled to recover for injuries sustained by her, including mental suffering and emotional distress. Id. at 634-635. We stated that "*Bell v. Sigal*, 129 Ga. App. 249 (199 SE2d 355) (1973) is not authority for the proposition that appellant Mrs. Littleton should not be allowed to recover for her mental grief and anguish caused by the death of the child subsequent to the enactment of the wrongful death statute." Id.

On appeal, the Supreme Court noted that an emotional distress claim will lie only where there has been an impact resulting in an injury to the plaintiff. *Littleton II*. The Court rejected the proposition that "the peculiar relationship between the mother and the unborn child results in any negligence directed toward the child necessarily being directed at the mother as well. Because an unborn fetus at full term and the mother are considered separate persons for many different purposes in Georgia, we find that they are separate in the context of the delivery itself. The mother and the unborn child in the delivery room are two separate beings. The relationship of the mother and the unborn child in the delivery situation does not of itself require that every action towards one is an action towards the other." Id. at 668. The Court reversed and remanded the case because the trial court failed to consider whether there were facts showing an injury to the mother, as distinguished from injury to the infant. Id. at 668. However, the Court reiterated that the mother "may claim damages for emotional distress in connection with the alleged malpractice of defendants which resulted in injury to herself." Id.

On remand, the trial court found that there was no evidence of physical injury to the mother and granted partial summary judgment to the defendants. We reversed, finding that there was evidence of injury to the mother. *Littleton III*. However, in holding that the

mother was entitled to recover for her emotional distress, we made the following observation in a footnote: "We emphasize that any potential award of damages to [the mother] in the malpractice claim for her injuries is limited to compensation for any physical injury she suffered as a result of the alleged negligence, and any mental suffering or emotional distress she incurred as a consequence of her physical injuries. Any mental suffering or emotional distress she suffered as a result of injuries to her child is not compensable *in this claim.*" (Emphasis supplied.) Id. at 46, n. 1. The Supreme Court affirmed and stated that our footnote "clearly and correctly states the rule." *Littleton IV,* supra at 664. However, the Court also noted that the mother could recover " 'compensation for any emotional distress which is a consequential damage resulting from [her] injuries.' " Id.

Accordingly, the trial court erred in granting State Farm's motion for partial summary judgment.

*Judgment reversed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 17, 1998 —
RECONSIDERATION DENIED SEPTEMBER 16, 1998 — 

*Ratcliffe, Smith, Rose & Grinstead, Leonard M. Grinstead,* for appellant.

*Whelchel, Brown, Readdick & Bumgartner, John E. Bumgartner, Bradley J. Watkins,* for appellees.

