A99A0601. LEE et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
(517 SE2d 328)

Judge Harold R. Banke.

An unknown hit-and-run motorist caused an automobile accident in which Bridget Lee and her daughter received significant physical injuries. Lee witnessed her daughter's suffering, which eventually resulted in the daughter's death an hour later. State Farm Mutual Automobile Insurance Company and Allstate Insurance Company provided Lee and her husband with uninsured motorist protection and paid out the policy limits on the daughter's wrongful death claim. Lee brought suit to recover for her own physical injuries and for the emotional distress she experienced from witnessing her daughter's sufferings and death. Her husband jointly sued for loss of consortium. State Farm intervened on its own behalf, and Allstate has defended in the "John Doe" name of the unknown motorist.

The court entered summary judgment in favor of defendants on Lee's claim for emotional distress. Claiming error, Lee argues that Georgia law allows a mother to recover for emotional distress from witnessing her child's injuries and death where the mother is also physically impacted and injured by the same tortious conduct.

1. Based on Georgia's impact rule,[1] *OB-GYN Assoc. of Albany v. Littleton ("Littleton IV")*[2] held such damages are not actionable. Littleton alleged that though medically indicated by signs of fetal distress, the doctor failed to perform a caesarean section surgical delivery of her child, with the resulting prolonged vaginal delivery causing physical injury to both her and the delivered child, who died two days later.[3] Thus, the same force or impact caused the injuries to the child and mother. She sought to recover for the mental distress associated with witnessing her child's injuries and subsequent death.

Quoting a Court of Appeals decision,[4] the Supreme Court stated:

---

[1] See *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 665- 666 (2) (A) (386 SE2d 146) (1989) (*"Littleton II"*) (the "impact rule" requires actual bodily contact with plaintiff resulting in physical injury to plaintiff for a claim for emotional distress to lie).

[2] 261 Ga. 664 (410 SE2d 121) (1991).

[3] *Littleton v. OB-GYN Assoc. of Albany, P.C.*, 199 Ga. App. 44, 45 (403 SE2d 837) (1991) (*"Littleton III"*).

[4] Id. at 46, fn. 1.

We emphasize that any potential award of damages to Mrs. Littleton in the malpractice claim for her injuries is limited to compensation for any physical injury she suffered as a result of the alleged negligence, and any mental suffering or emotional distress she incurred as a consequence of her physical injuries. Any mental suffering or emotional distress she suffered as a result of injuries to her child is not compensable in this claim.[5]

Subsequent decisions have reiterated that even though the mother herself may have experienced physical impact and harm from defendant's tortious conduct, she may not recover for mental distress arising from witnessing her child's sufferings caused by the same conduct.[6] Recovery for emotional distress must arise out of her own physical injuries, and not out of separate physical injuries to the child.[7]

*Thomas v. Carter*[8] focused on this distinction. The court allowed a mother to recover for emotional distress associated with the death of her fetus because:

The injury to both the mother and the fetus was caused by the direct force to the mother in the automobile collision which resulted in the in utero death of the fetus. The trauma to the placenta is an injury to the mother, not to the child. It was this injury to the mother, *and not any separate injury to the fetus*, that caused the death of the fetus. Thus, unlike *Littleton*, the death of the child was the direct result of an injury to the mother.

In *Littleton*, the Supreme Court recognized that a plaintiff could bring an action for negligence resulting in injuries to her person. This claim may include a claim for compensation for any emotional distress which is a consequential damage resulting from those injuries. In this case, any emotional distress suffered by [the mother] due to the death of

---

[5] (Citation and punctuation omitted.) *Littleton IV*, supra, 261 Ga. at 664.

[6] *DeKalb County v. Wideman*, 262 Ga. 210, 211 (416 SE2d 498) (1992) ("the mother could not recover for her mental distress over the suffering and death of the baby, although she could claim damages for emotional distress resulting from either negligent conduct causing a personal injury to her, or malicious or wilfully tortious conduct directed against her") (citation and footnote omitted); *Goins v. Tucker*, 227 Ga. App. 524, 526 (2) (489 SE2d 857) (1997) ("[a]ny mental suffering or emotional distress plaintiff suffered as a result of injuries to her child is not compensable in this claim") (citation and punctuation omitted).

[7] *Littleton IV*, supra, 261 Ga. at 664; *Littleton II*, supra, 259 Ga. at 663-664 (the mother's claim "may include a claim for compensation for any emotional distress which is a consequential damage resulting from [physical] injuries" to her own person).

[8] 234 Ga. App. 384, 387-388 (506 SE2d 377) (1998).

her unborn child was a consequential damage resulting directly from injuries to [the mother] herself.[9]

Relying on *Littleton IV*, *Thomas* acknowledged that "where the physical injuries to the mother are separate from the injuries to the child, it is appropriate that the mother not be able to recover for her emotional distress resulting from injuries to the child."[10] *Thomas* explained that unless the particular injuries to the mother are themselves the proximate cause of the child's death (as where a child dies in utero), the mother may not recover for her mental distress caused by witnessing the child's suffering.

Lee and the dissent cite *Southern R. Co. v. Jackson*[11] as contrary authority. A close reading of *Jackson* reveals that it is consistent with the recent authorities cited above. *Jackson* held in Division 1 that a mother who is physically injured by a negligently run train and whose child is also injured "has a right of action for the wrong to herself."[12] In Division 2 *Jackson* held that if the mother were not physically injured and her child was, she could not seek to recover for the emotional distress arising from the child's injuries.[13] *Jackson* does not state that physical injuries to the mother would allow her to recover for the mental distress associated with seeing her child hurt.[14]

The dissent's reliance on a "common force" doctrine is misguided, as no Georgia court decision or statute has referred to such a doctrine or used such a phrase. At most, a form of the concept was briefly referenced in *Thomas*,[15] but *Thomas* then explained it was referring to situations where the mother's injuries themselves proximately caused the child's injuries.[16] In view of *Littleton IV*'s clear guidance on this matter, we are not at liberty to create new causes of action or to overrule Supreme Court precedent.

Thus, the court did not err in entering summary judgment on Lee's claim for mental distress arising from witnessing her daughter's injuries and death.

---

[9] (Citations and punctuation omitted; emphasis supplied.) Id.

[10] Id. at 387.

[11] 146 Ga. 243 (91 SE 28) (1916).

[12] Id. at 243 (1).

[13] Id. at 243 (2).

[14] Accord *Strickland v. Hodges*, 134 Ga. App. 909, 910 (216 SE2d 706) (1975): in [*Jackson*] a mother crossing railroad tracks was permitted to sue for her personal injuries sustained in a fall while avoiding the approaching engine operated in a grossly negligent manner, but in the second headnote our Supreme Court held that "the fact that she witnessed the mangling of the child and became frightened and suffered a severe nervous shock therefrom would not entitle her to a recovery."

[15] 234 Ga. App. at 386-387.

[16] Id. at 387.

2. The ruling in Division 1 moots the question of whether State Farm's uninsured motorist policy would cover this claim as a "bodily injury" to Lee.

*Judgment affirmed. Johnson, C. J., McMurray, P. J., and Andrews, J., concur. Blackburn, P. J., Ruffin and Barnes, JJ., dissent.*

BLACKBURN, Presiding Judge, dissenting.

I must respectfully dissent from the majority's opinion which relies on precedent, including the *Littleton* cases,[17] applicable only where a parent and child were not injured by the same force. Here, however, the parent and child were injured by a common force, and an entirely different jurisprudential analysis is required.

The language quoted by the majority, regarding emotional distress damages comes from *step 2* of the *Littleton* analysis and addresses only the rule in those situations where there is no physical injury to both parent and child by a common force. The court in *Littleton* had previously determined in *step 1* that the mother and fetus (who died two days later) had been injured by *separate* acts of malpractice. Thus, under *Littleton*, no damages for emotional distress by the mother caused by the death of her child could be recovered, because they were not injured by a common force.

This secondary level of analysis allows a parent, who has satisfied the impact rule requirement, to recover for emotional distress resulting from injuries to the parent's child, if the parent is physically injured by the same force which injures the child. This analysis, whether referred to in terms of a "common force" or "same force" analysis, or otherwise, must be employed to properly decide the issues now before us, and, it does not comprise a new cause of action and is not in conflict with Supreme Court precedent. In fact, this doctrine was set forth in *Southern R. Co. v. Jackson*, 146 Ga. 243 (91 SE 28) (1916), which was approved by the Supreme Court in the *Littleton* cases.

Georgia law does allow a parent, who is physically injured by the same force which injures said parent's child, to recover for emotional distress caused by witnessing the negligent injury of the child. This element of damages is recoverable only under Georgia's "common force" rule and is in addition to other damages recoverable for the parent's own physical injuries and any mental suffering arising therefrom.[18]

---

[17] *Littleton v. OB-GYN Assoc. of Albany, P.C.*, 192 Ga. App. 634 (385 SE2d 743) (1989) (*Littleton I*); *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. 663, 668 (386 SE2d 146) (1989) (*Littleton II*); *Littleton v. OB-GYN Assoc. of Albany, P.C.*, 199 Ga. App. 44 (403 SE2d 837) (1991) (*Littleton III*); and *OB-GYN Assoc. of Albany, P.C. v. Littleton*, 261 Ga. 664 (410 SE2d 121) (1991) (*Littleton IV*).

[18] In this case, there is no dispute as to the parent's right to seek damages for any claim she may have for her own physical injuries and mental suffering arising therefrom.

1. Georgia permits recovery for mental pain and suffering resulting from negligent, tortious conduct. "Where there is a physical injury or pecuniary loss, compensatory damages include recovery for accompanying 'mental pain and suffering' even though the tortious conduct complained of is merely negligent." *Westview Cemetery v. Blanchard*, 234 Ga. 540, 543 (216 SE2d 776) (1975).

However, with regard to claims for the negligent infliction of emotional distress, Georgia is in a shrinking minority of states which continue to follow the "impact rule," which limits damages for emotional distress. For an actionable claim, the impact rule requires an actual bodily impact to plaintiff resulting from defendant's conduct, except where a wilful act of defendant was directed against the plaintiff. Ga. Law of Damages (1998 ed.), § 1-3, p. 3; Harper, James & Gray, Law of Torts (2nd ed.), § 18.4, p. 687. "In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." *Ryckeley v. Callaway*, 261 Ga. 828 (412 SE2d 826) (1992).

Georgia's "common force" doctrine authorizes recovery for a parent's emotional distress resulting from injuries to the parent's child where the parent has satisfied the impact rule and is physically injured by the same force which injures the child. This is the "common force" rule in Georgia.

The issue to be resolved in the present case, then, is whether Bridget Lee, pursuant to Georgia's common force doctrine, can recover for the emotional distress she suffered as a result of witnessing her daughter's death in an automobile collision in which she was also injured. It was stipulated by the parties that Lee sustained physical injuries in the same automobile collision which resulted in the death of her daughter, and that she suffered significant emotional distress in witnessing the death of her child.

The trial court resolved this issue in favor of defendants on their motion for partial summary judgment, concluding that Lee

> may not recover damages for her claim of emotional distress because any mental suffering or emotional distress she suffered as a result of the injuries or death to her child, Britnie Lee, is not compensable pursuant to the holding in *OB-GYN Assoc. vs. Littleton*, 259 Ga. 663, [supra] (*Littleton II*).

The trial court reasoned:

> Because Bridget Lee sustained physical injuries in the subject auto accident, she may recover damages for emotional distress. However, those damages are limited to injuries

that Bridget Lee suffered and not due to the injuries or death that her daughter suffered. The emotional distress damages Bridget Lee is seeking in this case are solely based upon the injuries and death of her child and therefore, are not recoverable.

As the parties stipulated that Lee suffered significant physical injuries and emotional distress in witnessing her daughter's death arising out of this automobile collision, and the same force which injured Lee also killed her daughter, she is entitled, under Georgia law, to recover for all damages she has incurred from this tortious conduct, including the emotional distress she suffered as a result of witnessing the death of her child in this same incident. The trial court and the majority misconstrued precedent established by the *Littleton* cases which must be read in conjunction with prior Georgia law in this area.

> In *Southern R. Co. v. Jackson*, 146 Ga. 243 (91 SE 28) (1916), our Supreme Court affirmed that a mother could recover for mental pain and suffering related to injury to her child, when she herself is also a physical victim of the tort, but not otherwise.
> As Judge Beasley, citing to *Jackson*, supra, stated in her special concurrence in *Littleton v. OB-GYN Assoc. of Albany, P.C.*; 192 Ga. App. [at 636, supra] (*Littleton I*), "Georgia long ago recognized that a mother could recover for mental pain and suffering (nervous shock, fright) related to injury to her child when she herself is also a physical victim of the tort."
> Judge Beasley's special concurrence was cited with approval by our Supreme Court in *OB-GYN Assoc. of Albany v. Littleton*, 259 Ga. [at 668, supra] (*Littleton II*), "(w)e are in agreement with Judge Beasley's reasoning in her concurring opinion in this case."

*Thomas v. Carter*, 234 Ga. App. 384, 386 (506 SE2d 377) (1998).

While the *Littleton* cases provide some legal guidance, they do not control the holding in this case and are factually distinguishable. As such, the majority opinion conflates two separate jurisprudential doctrines by using the *Littleton* cases, in which mother and daughter were injured by separate forces, as direct authority for deciding the present case, in which mother and daughter were injured by the same force.

*Littleton* involved a delivery room situation in which the mother and child were not injured by the same force, but by separate acts of malpractice. In *Littleton*, a mother sued her doctors for negligent

infliction of emotional distress caused by the improper delivery of a full-term baby. Two separate injuries were involved, the injury to the mother and the separate injury to the child after birth. Because the mother and child did not receive their injuries from the same force or impact, the mother's claim for negligent infliction of emotional distress did not satisfy the "common force" rule and was not allowed.

The Supreme Court in *Littleton II* held that the "zone of danger" or "fear for another" rules which permit recovery of damages for emotional distress by one who witnesses injury to another are not recognized in Georgia. The Court then discussed whether there is a right of action for emotional distress available to parents *not present* when injuries are inflicted upon their child due to the negligence of a defendant. The Supreme Court approved the holdings of this Court and of the Court of Appeals of New York in *Tobin v. Grossman*, 24 NY2d 609 (301 NYS2d 554, 249 NE2d 419) (1969), requiring only that the actions of the defendant must be directed toward the parent in order to authorize a recovery for the parent's emotional distress caused by the injury to or death of their child. *Littleton II*, supra.

It is clear that a common force which injures both parent and child satisfies the requirement that the action be directed against the parent. There is no other logical conclusion, as the Supreme Court in *Littleton II* cites with approval *Southern R. Co. v. Jackson*, supra, which denied damages to a mother who witnessed the mangling of her child resulting from defendant's negligence, because the mother was not herself injured by the same force which injured her child.

In *Southern R. Co.*, supra, the court held that where a woman suffers a severe nervous shock from witnessing the death of her child from being run over by an engine, *but sustains no personal injury, she is not entitled to recover*.

In the case now before us, all prerequisites for allowing the mother's claim for emotional distress have been satisfied. The mother was physically injured by the impact caused by the collision with the defendant's car. That same impact caused injuries to the mother's child. Finally, that same impact caused the mother's emotional distress by forcing her to witness her daughter's injuries. In short, one impact, caused by defendant, was involved in this case, and all of the injuries claimed by the mother were directly precipitated by this impact. As such, the mother's claim against the defendant for negligent infliction of emotional distress is appropriate.

*Thomas v. Carter*, supra, supports this result. In *Thomas*, the plaintiff was a woman in her seventh month of pregnancy who, as the result of a car collision, sustained injuries to herself and to her unborn child. The child died in utero, and the mother sued for her mental distress arising out of the child's death. This Court held that the mother's claim was actionable because "[t]he injury to both the

mother and the fetus was caused by the direct force to the mother in the automobile collision which resulted in the in utero death of the fetus." Id. at 387. Likewise, in the case at hand, mother and daughter were injured by the same force, and the mother's claim for emotional distress should be allowed.

It must be noted that, although Georgia's wrongful death statutes generally control the remedies available to a parent for the death of a child, such statutes do not control in this instance. Here, a parent is suing for injuries inflicted on herself, not injuries inflicted on her child. The parent is not suing to be recompensed for the value of the child's life. Instead, she is pursuing a remedy for her own suffering. Accordingly, the claim being made falls outside the ambit of wrongful death statutes.

It is clear under Georgia law that recovery for a parent's emotional distress arising out of injuries to the child of such parent is authorized under the "common force" rule. It would be paradoxical to then hold that such damages may not be recovered for the most severe of such injuries, the death of a child.

For all the reasons set forth above, Lee should be allowed to sue for her emotional distress. To hold otherwise would be to deny a fundamental tenet of the law of torts — that a tortfeasor should be held responsible for the reasonably foreseeable consequences of his or her tortious conduct. Whether analyzed from an ethical, moral, or biological perspective, it is axiomatic that a parent who witnesses the injury or death of his or her child will suffer trauma and shock. This trauma, in fact, is more reasonably foreseeable than other damages that might be incurred.

Tortfeasors take their victims as they find them.

> [I]t has long been the rule that a tortfeasor takes a plaintiff in whatever condition he finds him. "A negligent actor must bear the risk that his liability will be increased by reason of the actual physical condition of the other toward whom his act [is] negligent." Restatement (2d) of Torts, § 461, Comment a (1965).

*Coleman v. Atlanta Obstetrics &c.*, 194 Ga. App. 508, 510 (390 SE2d 856) (1990).

It is foreseeable that adults will have children. We do not allow a tortfeasor to assert that he could not foresee that his car wreck victim would be 80 years old and suffer more injuries than another person not impaired by age would have suffered. The foreseeability argument simply does not stand up. Children happen.

No greater injury can be inflicted than to force a parent to watch his or her child die. To preclude recovery for such damages by a par-

ent arising out of an injury to his or her child on the basis that a parent might fraudulently feign mental distress is unsupportable. This, however, is the reason for the impact rule — to reduce fraud by limiting those who may recover. Georgia has softened the harshness of the law by allowing parents who are also physically injured by the same force that injures their child to recover for their emotional distress resulting from the injury to their child. While Georgia continues to follow the "impact rule," recovery under the facts of this case is authorized under Georgia law.

2. We also address appellant's second enumeration of error which is not considered by the majority. The trial court also erred by ruling that State Farm satisfied any liability it owed to Lee for her emotional distress by paying out $25,000 for the wrongful death of Lee's daughter pursuant to the insurance policy.

The policy in question limits liability in terms of each person injured and each accident which occurs.

> Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. "Bodily injury to one person" includes all damages and injuries to others resulting from this bodily injury. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to bodily injury to two or more persons in the same accident.

State Farm contends that because it has paid the "per person" limit for the wrongful death of Lee's daughter and because Lee's action for emotional distress is derivative of her daughter's death, it has satisfied its obligations under the policy. This contention is misplaced, as State Farm's policy cannot be considered in isolation, but must be interpreted in conjunction with Georgia's uninsured motorist legislation.

> The purpose of uninsured motorist legislation is to require some provision for first-party insurance coverage to facilitate indemnification for injuries to a person who is legally entitled to recover damages from an uninsured motorist, and thereby to protect innocent victims from the negligence of irresponsible drivers. Uninsured motorist statutes are remedial in nature and must be broadly construed to accomplish the legislative purpose.

(Citations and punctuation omitted.) *Smith v. Doe*, 189 Ga. App. 264, 265-266 (375 SE2d 477) (1988).

OCGA § 33-7-11 (a) (1) provides:

No automobile liability policy or motor vehicle liability policy shall be issued or delivered in this state to the owner of such vehicle or shall be issued or delivered by any insurer licensed in this state upon any motor vehicle then principally garaged or principally used in this state unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within [certain enumerated statutory] limits.

OCGA § 33-7-11 (b) (1) (A) states, " 'Bodily injury' shall include death resulting from bodily injury." Reading the uninsured motorist statute broadly and in favor of coverage, as we must, Lee's emotional distress has not been excluded from the statutory definition by the legislature and, therefore, should be considered a bodily injury to her within the meaning of the statute. As such, the policy's per person limitation with regard to the injuries received by Lee's daughter does not include Lee's separate claims. Accordingly, State Farm's payment of the "per person" limits for Lee's daughter does not satisfy its obligations for Lee's emotional distress claims.

For all the reasons set forth above, the trial court's grant of summary judgment to defendants should be reversed.

I am authorized to state that Judge Ruffin and Judge Barnes join in this dissent.

DECIDED APRIL 1, 1999 —
RECONSIDERATION DENIED JUNE 30, 1999 — CERT. APPLIED FOR.

*Johnson & Ward, Clark H. McGehee, William C. Lanham*, for appellants.

*Allen & Associates, Twanda Turner-Hawkins, Cooper & Associates, Craig C. Avery*, for appellees.